# Baker, *et al.* v. Baker, *et al.*

## *Bill to Construe Will and Quiet Title to Land.*

(Decided April 17, 1913. 62 South. 284.)

1. *Wills; Construction; Intent of Testator.*—The intent and purpose of· the testator as derived from a consideration of the will in all its parts must govern.

2. *Same.*—A will whose terms are unambiguous is not capable of construction, but speaks for itself.

3. *Same; Words Used.*—The words used in a will must be taken in their primary· sense, and before a departure from such use, it must be clearly demonstrated that they were used in an enlarged sense which must be apparent from the will itself.

4. *Same; Inferences as to Intention.*—The court will not infer an intention of the testator merely from its impressions as to what would have been natural to have been done.

5. *Same; Survivor.*—The will considered, and it is held that the word "survivor," in the absence of explanation by testator, must be given its usual meaning, and pointed to those who outlived the first devisee; that the share of deceased daughter in the income was an undivided one-fifth of the estate remaining after the share of the sons was set off to them, and vested and would vest in the issue of such daughters as had or might thereafter have issue, subject to be divested by the death of such issue before the death of the respective daughters, and that the children of the deceased son would be entitled to no present or future interest in the shares of any daughter who should thereafter die.

APPEAL from Selma City Court.

Heard before Hon. J. W. MABRY.

Bill by George L. Baker, individually, and as executor and trustee, against Lillian H. Baker and others, to construe a will and quiet title to land devised thereby. Decree for complainants, and respondents appeal. Affirmed.

The following is the copy of the will:

"State of Alabama, Dallas County. Know all men, that I, George O. Baker, of Selma, Alabama, state and county aforesaid, being in good health, and of sound

mind and desiring to dispose of my worldly affairs, as seems to me best in case of my death, do make and constitute this writing to be my last will and testament. 1st, I nominate and appoint my wife and my two sons, namely, Belzora M. Baker, Joseph M. Baker, and George L. Baker, my executors and trustees, to carry out the terms of this, my will, as hereinafter provided, without bond.

"2nd, I give and bequeath to each of my children, or their survivors, viz., Nellie, Mary, Joseph, George, Mabel, Hattie and Grace, $1,000.00 in cash, and in the event I should at any time pay this amount to either of them before my death, it is to be considered as paid under the terms of this article in my will, and so charged.

"3rd. After paying all my just debts and legacies, named in article 2, I give and bequeath to my wife Belzora M. Baker, all the incomes and profits arising from my estate, real and personal to use as she may deem proper during her lifetime, or during the time she may remain single.

"4th. After the death of my wife or in the event of her not remaining single, the surviving trustee or trustees, shall take out of said estate enough personal or other property to pay each one of my sons, if living, his pro rata share of my estate—my object being to give my sons, if living, or their issue, their share of their estate in full; and my daugters that may be living, to have share and share alike in the net income arising from their part of the estate, as provided for in article 6 of this, my will.

"5th. Should my wife not remain single, her trusteeship and interest in my estate as provided for in this, my will, shall cease, and my two sons or the survivor of them, shall continue to carry out the trust contained in this, my will.

"6th. The trustees are requested (after taking out the amount found to belong to my son or sons, according to article 4) to keep all the property in good repair, and pay all expenses, taxes, insurance, etc., out of the income, so as to keep the principal unimpaired, and divide only the net profit accruing from the income, as stated in article 4th, of this my last will.

"7th. At the death of either of my daughters without issue, her share of my estate shall be equally divided between the surviving brothers and sisters, share and share alike, but if such deceased daughter should leave issue, her share shall go to such issue—I mean by this that so much of the estate shall be set aside and divided as would be her share of the estate, if the estate was divided, instead of the income therefrom.

"8th. In the event of the death of my wife, or her not remaining single, my children then living may divide among themselves all the furniture and other property, about my residence.

"9th. Provides against the contest with a penalty of disinheritance.

"10th. That any changes to be made will be made by codicil."

MALLORY & MALLORY, for appellant. The intention of the parties is the key to every written instrument.— *Cresswell v. Jones*, 68 Ala. 424; *Smith v. Smith*, 157 Ala. 78. As to the meaning of the word "survivor" as used in the will, see 8 Ch. App. 70; 6 H. L. Cases, 693; 41 Ch. Div. 530; 35 Beav. 348; *In re Walker*, 22 Ch. Div. 205; 5 Vez. 465; 4 M. Y. & C. R. 231; *Smith v. Smith, supra;* 52 Atl. 135; 31 S. W. 483. A testator will not be presumed to have intended partial intestacy unless the language of the will compels such construction.—44 N. E. 24; 72 S. W. 1111; 101 Md. 606; 97

[Baker, et al. v. Baker, et al.]

Am. St. Rep. 743; 71 N. E. 450; 2 N. W. 814; 20 Am. Dig. sec. 448-450.

R. H. MANGUM, and PARTRIDGE & HOBBS, for appellee. Words are presumed to be used in their primary or ordinary sense.—*Russell v. Russell,* 84 Ala. 48; *McGuire v. Westmoreland,* 36 Ala. 594; *Continental Life Insurance Company v. Webb.* 54 Ala. 688, 699; *Phinizy v. Foster,* 90 Ala. 262; *DeBardeleben v. Dickson,* 166 Ala. 59. A departure from this primary or ordinary sense is justified only by a clear demonstration, apparent from the will itself, of the secondary or more extended meaning.—*DeBardeleben v. Dickson, McGuire v. Westmoreland, Continental Life Insurance Company v. Webb* and *Phinizy v. Foster, supra; Lawrence v. Phillips,* 186 Mass. 320, 71 N. E. 541; *Mullarky v. Sullivan,* 136 N. Y. 227, 230, 32 N. E. 762; *Hendricks v. Hendricks,* 177 N. Y. 402, 69 N. E. 736; *Guernsey v. Guernsey,* 36 N. Y. 267; *Horwitz v. Norris,* 60 Pa. 261; *Bradley v. Richardson,* 62 S. C. 494, 40 S. E. 654; *Crowder v. Stone,* 3 Russell, 217, 223; *In re Keep's Will,* 32 Beav. 338; *Waite v. Littlewood,* L. R. 8 Ch. 70, 73; *Harrison v. Harrison,* L. R., 2 Ch., 1901, 136; *Inderwick v. Tatchell,* L. R., Ch., 1901, 738, 742, 745; S. C., L. R., A. C., 1903, p. 120. An intention not to use words in their primary sense cannot be inferred alone from an impression the court or counsel has, as to what it would have been natural for testator to do.—*DeBardeleben v. Dickson, supra; Adams v. Jones,* 176 Mass. 185, 57 N. E. 362; *Dove v. Johnson,* 141 Mass. 287, 5 N. E., 520; *Wake v. Varah,* L. R., 2 Ch. D., 348. When a word has been given a definite testamentary meaning in one part of a will, it is to be understood in the same sense whenever occurring elsewhere in the will, in the absence of an apparent intention to use it in a differ-

ent sense.—*Lloyd v. Rambo,* 35 Ala. 109; *Morrison v. Larmon,* 170 Ill. 65, 48 N. E. 267; 62 Am. St. Rep. 65; *Dunshee v. Dunshee,* 251 Ill. 405, 96 N. E. 298; *Hall v. Hall,* 209 Mass. 350, 95 N. E. 788; *Stewart v. Stewart,* 61 N. J. Eq. 25, 47 Atl. 633; *In re Tillinghast's Account,* 25 R. I. 338, 55 Atl. 879; *Leeming v. Sherratt,* 2 Hare, 14, Jur. 663. Where a *reductio ad absurdum* is relied upon to prove the intention to use the words in another sense than the primary one, or with a meaning more enlarged, the absurdity, repugnancy, or inconsistency must be against the declared or demonstrated intention of the testator, *as exhibited by the will itself.—McGuire v. Westmoreland, Continental Life Company v. Webb, Phinizy v. Foster, Adam v. Jones, and Dove v. Johnson, supra;* Lucena v. Lucena, 7 Ch. D., 269, 270. To sum up the above rules: the tendency of the courts of late has been not to employ technical or hard-and-fast rules of construction, save where the intention is unascertainable from the will, when construed according to the canons of natural reason and grammar.—*Bosley v. Bosley,* 14 Howard, 390, 398, 14 L. Ed. 471; *Clark v. Boorman (Clark v. Johnson),* 18 Wallace, 493, 21 L. Ed., 904; *Robinson v. Martin,* 200 N. Y. 159, 93 N. E. 488; *Ware v. Minot,* 202 Mass. 512, 88 N. E. 1091; *Little v. Silveira,* 204 Mass. 114, 90 N. E. 527; *Coulter v. Trust Company,* 45 Ind. App. 64, 88 N. E. 865; *Lusby v. Cobb,* 80 Miss. 729, 32 South. 6; *Bartlett v. Patton,* 33 W. Va. 77, 5 L. R. A. 526, 10 S. E. 21; *Miller v. Porterfield,* 86 Va. 876, 19 Am. St. Rep. 919; *Harrison v. Harrison, supra; Inderwick v. Tatchell, supra.*

MAYFIELD, J.—The bill in this case is duplex. It seeks, first, a construction of the will of George O. Baker; and, second, the quieting of the title to lands devised thereby. The bill is filed by the executors of

the will for a construction thereof and a proper administration of the trusts created thereby. The testator left surviving him a wife, Belzora, and two sons, Joseph and George, and four daughters, Nellie, Mary, Hattie, and Grace, as the objects of his bequests. The reporter will set out the will in full, so that this opinion may be the better understood.

One of the chief contentions between the parties, and one of the chief questions for decision in the lower court and on this appeal, is the proper construction to be accorded to section seven of the will of Joseph M. Baker, which reads as follows: "It is my will and desire that during the life of my said wife, Lillian Hall Baker, while she is unmarried, she shall only use the income from said estate in her maintenance and support and in the maintenance, education and support of my said children, and the surplus income, over and above such as may be used for the maintenance and support of my said wife and the maintainance, support and education of my said children, shall become a part of the principal of my estate, and shall pass under the provisions of this will, to the same extent as if it were a part of my estate at the time of my death. My said wife shall have the absolute discretion in using such income, and in determining what part of such income shall be used for the maintenance, education and support of my said children, and in determining what part of such income shall be used for her own maintenance and support."

The following facts are practically admitted:

(1) That after the death of the widow of the testator, George O. Baker, the shares of the two sons, Joseph M. Baker and George L. Baker, were set apart to them, and the shares of the daughters were held in further trust for them and administered as provided in the will.

(2) That at the death of the said widow all the children of the testator were living.

(3) That subsequent to the death of said widow one of the daughters, namely, Mabel, died, leaving no issue, having never married.

(4) That subsequent to the death of said Mabel one of the sons, name, Joseph M. Baker, died, leaving his widow, Lillian H. Baker (now his executor), and two minor children, George Baker and Belzora Baker.

(5) All the other children of said testator, George O. Baker, are still living.

The prayer of the bill important to this consideration was as follows: "That this court take jurisdiction of this cause for the purpose of advising and instructing said executor and trustee how said trusts shall be performed in so far as the setting apart and division of the share of Miss Mabel Baker is concerned, and if the court holds that the two children of Joseph M. Baker have an interest, present, vested or contingent, in the part of the estate which will be set apart and divided upon the death of each of the now living daughters of said testator, that the executor and trustee be authorized and empowered to sell at private sale the above-described lots of land in Birmingham for the purpose of making said division, and that the court further construe said will, settle the doubts and difficulties above stated, and quiet the title of the adult beneficiaries of said will as against the reputed claim of said minor children of Joseph M. Baker, deceased."

The part of the decree pertinent to this decision is as follows: "That the share of Miss Mabel Baker, deceased, in the property and estate of the late George O. Baker, now being administered and rightfully belonging to the trusts of said will, is an undivided one fifth (1/5) part of all of said estate and property remaining

since the shares of his two sons were set off to them, as provided by said will to be, and as was done, which one-fifth part is hereby declared and adjudged to be separated and set apart from said property and estate, and is ordered and decreed to be divided and is hereby divided among the following named persons, parties to this suit, etc. Title to that part of the estate of George O. Baker represented by the shares of the income enjoyed by the daughters of said testator vested and will vest in the issue of said daughters who have had or will hereafter have issue, subject to be divested by said issue dying before the respective mothers die, and that at present the adult beneficiaries who constitute the living issue of the living daughters of the testator, and who are made parties complainant to said bill of complaint as amended, namely, Mrs. Belzora P. Elebash, Miss Mary Parrish, and Joseph P. Parrish, children of Mrs. Mary B. Parrish and Albert E. Parrish, the only child of Mrs. Hattie B. Parrish, are the sole owners of those shares of the estate of George O. Baker, deceased, which are represented by the income which the respective mothers of said children are now enjoying or are entitled to enjoy under said will, and that the infant children of Joseph M. Baker, deceased, are entitled by the provisions of said will to no interest, present or future, and will never be entitled to any interest in those parts or shares of the said estate which are to be set apart upon the deaths of the now living daughters of said testator."

After a careful examination of the record, together with the authorities cited by the appellant, we have reached the conclusion that the chancellor or judge trying this case announced the correct construction of this will touching the subjects of controversy in this suit, and we adopt, as expressing our views, the part of his

opinion which reads as follows: "The most important question involved in this submission is whether under the will of testator the children of Joseph M. Baker, now deceased, will be entitled to participate in the shares of such testator's daughters as may hereafter die without issue. And this raises the question as to whether the words 'surviving brothers and sisters' used in the seventh clause of the will shall be taken in their primary or ordinary sense, in other words, held to mean just what they say; or whether, viewing the will as a whole, a more extended meaning shall be ascribed to them so that they may include the issue of such of them as may have died. The language of this seventh clause is: 'At the death of either of my daughters without issue, her share of my estate shall be equally divided between the surviving brothers and sisters, share and share alike.' It is, of course, true that the intent and purpose of the testator must govern, and this must be derived from a consideration of the will in all its parts. But it is also true that among the rules of interpretation of wills firmly established by our Supreme Court are that, when the terms of a will are unambiguous, there is no room for construction; that the words used therein must be taken in their primary sense; that to depart from this primary or ordinary sense requires clear demonstration, apparent from the will itself, of the enlarged meaning, and that we may not infer the intention of the testator merely from our impressions as to what it would have been natural for the testator to do.—*Russell v. Russell,* 84 Ala. 48 [3 South. 900]; *DeBardelaben v. Dickson,* 166 Ala. 59 [51 South. 986]; *McQuire v. Westmoreland,* 36 Ala. 594; *Continental Life v. Webb,* 54 Ala. 688; *Phinizy v. Foster,* 90 Ala. 262 [7 South. 836]."

[Gunter, et al. v. Hackworth, et al.]

The following authorities we think fully support the decision of the trial court: "The word 'survivors' in a devise, 'if either of the aforesaid legatees die without issue, the portion which she or they were entitled to is to go to the survivors equally,' means the surviving devisees, to the exclusion of the children of a deceased devisee.—*Best v. Conn,* 73 Ky. (10 Bush) 36. The word 'survivor,' in the absence of any explanation by a testator in any part of his will, must be interpreted according to its literal meaning, and points to those who outlive the first devisee.—*Bayless v. Prescott,* 79 Ky. 252, 256."—8 Words & Phrases, p. 6831. "Where testator gave property to trustees to be divided after the death of persons who had life interests in it among A., B., C., D., and E., in equal shares, and directed that, if any one of them should die without issue before their respective shares should become payable, the share of the one so dying should be equally divided among the survivor and survivors of them, the words 'survivor and survivors' were to be construed in their natural sense, and not as equivalent to 'other and others;' so that A. having died leaving issue who were living at the time fixed for the distribution of the fund, and B. having died leaving a son, who died without issue before the period of distribution, and C. having died without issue before the period of distribution, no part of the shares of B. and C. went over to A.'s personal representative. —*Crowder v. Stone,* 3 Russ. Ch. 217, 224. 'Survivors,' as used in a will devising testator's residuary estate to his children equally, and providing that, in case of death, the share of the deceased child should go to his or her children, if any, and in case of failure of issue be divided among the survivors of the testator's children equally, means the 'survivors' absolutely and literally, and should not be construed as meaning 'others.'—

*Leeming v. Sherratt,* 2 Hare, 14, 15. The phrase 'children or survivors of them' in a will in which a testator gave all his estate to his wife for life, and directed that all remaining after her death should be divided by his executors equally among his children, or the survivors of them, was construed not to include a child of one of testator's children who had died prior to the death of testator's wife.—*Sinton v. Boyd,* 19 Ohio St. 30, 36, 2 Am. Rep. 369. The word 'survivor,' as used in a will providing that the above devises 'to my children, being to them, their heirs, and assigns, and, if any die without issue, then to the survivor or survivors of them in equal shares,' did not include an heir of one of the children dying, but on the death of one of the three without heirs confines the survivorship to such children.— *Guernsey v. Guernsey,* 36 N. Y. 267." 8 Words & Phrases, 6832.

There are some cases cited in brief of counsel for appellant which seem to hold to the contrary; but some of these have been severely criticised, and departed from, and we are not willing to follow them. Our own case of *Smith v. Smith,* 157 Ala. 79, 47 South. 220, 25 L. R. A. (N. S.) 1045, is not in conflict with the chancellor's holding, but is cited and quoted by him as supporting his conclusion, and in this we think he is correct. It was there held that: "Survivorship relates to the death on which a previous estate terminates, and on which the new estate is limited, and never relates to the death of the testator unless there is no other time to which it can be referred. Where there are limitations to two brothers for life, with remainders to their children, and in default of children of either to the survivor or surviving brother, with a limitation over on both dying without children, cross-remainders are intended and necessarily implied between the children of the life ten-

ants, the word, 'survivor or surviving brother,' meaning other or other brother, so that when R. died leaving a child who survived the other brother, C., who died childless, the child of R. was entitled to C.'s share in the estate, the word surviving not being intended to attach a condition referring to the other brother."

We find no error in the decree of the chancellor, and it is in all things affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.