(81 South. 579)

COOK v. WILLIAMS. (6 Div. 860.)

(Supreme Court of Alabama. May 1, 1919.)

1. WILLS &470—CONSTRUCTION—INTENT.

The testator's intention must be gathered from the language of the whole will.

2. WILLS &686(3)—CONSTRUCTION—DURATION OF TRUST.

A will, appointing a trustee to manage the estate devised to testator's daughter for life and to pay the income to her, *held* to require the trustee to continue the management and control of the estate during the daughter's life, and not merely during her minority.

3. TRUSTS &11(3) — VALIDITY — DEVISES OF INCOME.

A testator may devise his lands to a trustee for the purpose of paying the income thereof to testator's daughter during her lifetime.

4. WILLS &683—CONSTRUCTION—TRUST ESTATE.

A will, directing the sale of timber on land devised, the income from which was to be paid to the trustee for the benefit of testator's daughter, *held* to contemplate that the timber on the lands devised be part of the body of daughter's estate; the proceeds to be loaned out by the trustee and the interest only paid to her.

Appeal from Circuit Court, Pickens County; Henry B. Foster, Judge.

Suit by Vera Stacy Cook against H. P. Williams, to remove respondent as trustee of complainant's estate under the will of J. E. Stewart, deceased, and to construe the will. Decree for respondent, and complainant appeals. Affirmed.

This bill was filed by appellant against appellee seeking to have appellee removed as trustee of her estate under the will of her father, J. E. Stewart, deceased, and to have the provisions of the will in so far as they related to the complainant construed by the court.

The bill, in substance, shows the execution of the will on February 15, 1915, by J. E. Stewart, father of complainant, his subsequent death, and the probate of said will. Pursuant to the terms of the will, the chancery court of that county appointed one Long as trustee of complainant's estate, who accepted and discharged the duties of that office until March, 1917, when he resigned, and the respondent was appointed trustee as his successor, and is now in the discharge of his duties as such trustee under the provisions of the will. At the time of the death of her father, and the execution of said will, complainant was married to James D. Cook, Jr., who was also a minor. It is further averred that although a trustee is provided for her estate by the will, yet there is nothing in the will stating how long said trust should

continue; that it was the intention of the will that said trust should continue only during her incapacity by reason of nonage, and, notwithstanding complainant has now reached her majority, the trustee continues to discharge the functions of that position and to manage complainant's estate. In paragraph 7 of the bill it is alleged that in the eleventh paragraph of the will provision is made for the sale of timber belonging to her estate, and that it was the intention of the will that the complainant be permitted to manage the sale of the timber and receive the entire proceeds thereof; but, notwithstanding this, the trustee declines to allow her to control the sale of the timber or apply the proceeds to her own use.

The prayer of the bill seeks a construction of the will in conformity with the contention of the complainant; that the trustee be removed, and the estate be delivered to complainant free from his interference; and, further, that complainant be decreed to have the right to sell the timber belonging to said estate. There is also prayer for general relief.

The will is made an exhibit to the bill. Certain lands are devised to the wife for her life, with remainder over to certain grandchildren. By the will there is also a devise to the two sons, Thomas Early Stewart and James E. Stewart of certain lands for life, with remainder to their children, etc.; also a devise for life to the husband of a deceased daughter, with remainder to devisee's son; and also providing for the appointment of a trustee for the granddaughter's share of the estate, as well as the grandson's share of the estate.

The sixth and eleventh paragraphs of said will are as follows:

"6. I will and bequeath to a trustee to be appointed by the chancery court for the benefit of my beloved daughter Mrs. Vera Stacy Cook, said trustee to be required to give bond as the court may direct, but be it remembered that should the said Mrs. Vera Stacy Cook die without child or children or grandchildren lawfully begotten, living at her death, then in that event all the land given said trustee for her benefit by this will, and all money or property of any kind the said trustee may have on hand or be lawfully entitled to receive at her death, shall in that event revert to and become the property of the heirs of my body. The lands devised to said trustee as conditioned above are described as follows: [Here follows a description of said land.] And said trustee to be appointed as above directed, is required to rent out all of the above-described land, and also to receive all money that may come to her, Mrs. Vera Stacy Cook, from my estate, and such money to be loaned out on such terms and security as the chancery court may direct, but I particularly require and direct that all interest on all loans shall be paid annually, and that all interest and rents over and above expenses of this trust and taxes shall be paid to her annu-

ally, and I furthermore direct that the said trustee shall allow the said Mrs. Vera Stacy Cook to remain on and occupy and have the use and control of her residence and lands as her said home without interference, and said trustee is required to receive and collect all money or property of any kind that may under any and all circumstances be due her, * * * by virtue of this will, and also by virtue of the fact that she is my child and will be an heir at law of my body, and he is required to pay any and all money arising as a profit from the same annually to said Mrs. Vera Stacy Cook.

"11. I further will and direct that my wife and two sons, and the trustee appointed for Mrs. Vera Stacy Cook, the trustee appointed for Stacy May Stewart, and the trustee appointed for Joseph Reed Long, should either of them desire to sell the timber on the lands willed to either of them, respectively, may do so, and the money so received for said timber by my wife and two sons become their money respectively in fee simple, and the money received by the trustee or trustees for the respective persons subject to all the terms and conditions as required of the several trustees in this will. But in selling the timber I will and direct no timber less than ten inches in diameter, one foot from the ground on which said timber is standing shall be sold, and when the timber is sold, the purchaser shall not have more than five years from the date of sale to remove the same from said land, and after the expiration of the time not more than five years from date of sale, and any and all timber then remaining on the land shall revert to and become the property as devised as above."

The answer of the trustee admits the allegations of the bill except that it was the intention of the testator that the trustee should be appointed only during the minority of the complainant, and shows that he was legally acting as trustee in the discharge of his duties, and denies that it was intended by the will that the complainant should have control of the timber or the proceeds of the same. The trustee also joins in the prayer, "if proper so to do, that the will be construed so as to define the duration and character of said trust estate."

The evidence was that the two sons, Thomas E. Stewart and James E. Stewart, were of age at the time of the execution of the will, and that the grandchildren provided for in the will and complainant were minors; the complainant being 17 years of age. Complainant's husband was also under age. The evidence further shows that the estate left complainant consists of several farms, and that the farm implements, mules, and horses are deteriorating, and will soon be of no value; that the lands are producing very little income, and insufficient for complainant's support; that the trustees have handled it as well as could be managed, but the estate will nevertheless continue to deteriorate under said management.

The evidence also shows that the will was drawn by a practicing attorney of 30 years' experience in the drafting of wills and advising as to the management of trust estates.

The court decreed that the trust estate had not been terminated, but was still in existence as provided for in the will, and was being economically and well managed, and, further, that the complainant under the will was not entitled to the full proceeds of the timber to be paid over to her; but that the funds were to be loaned out by the trustee and the annual interest paid to complainant, and therefore complainant was not entitled to the relief, and the bill was dismissed. From this decree the complainant prosecutes this appeal.

M. B. Curry, of Carrollton, for appellant.
Patton & Patton, of Livingston, for appellee.

GARDNER, J. Paragraphs 6 and 11 of the will of J. E. Stewart, deceased (complainant's father) concern the estate of complainant as devised by the terms of said will, and by this proceeding a construction of these provisions is sought.

[1] It is a legal truism that the cardinal rule—the one above all other rules—for the construction of a will is to ascertain the intention of the testator and give it effect, if not inconsistent with the law.

"This intent must be gathered * * * from the language used in the will, and by this is meant that such intention shall be gathered from the four corners of the instrument; that is to say, from the whole will, the whole frame of the will, the whole scheme of the testator manifested by the will, taking into consideration and giving due weight to every word used in the will." Myrick v. Williamson, 190 Ala. 485, 67 South. 273; O'Connell v. O'Connell, 196 Ala. 224, 72 South. 81.

"Words used in a will must be taken in their primary sense, and to depart from this primary or ordinary sense requires clear indication, furnished by the context, that they were used in a different sense." Shuttle v. Barker, 178 Ala. 366, 60 South. 157; Baker v. Baker, 182 Ala. 194, 62 South. 284.

The sixth paragraph of the will provides for the appointment of an active trustee to manage and control the property devised to complainant, which was given to her only during the term of her natural life.

[2] We think the language of the will clearly indicates that the trustee should continue in the management and control of said estate during the complainant's life. Had the testator intended to limit such trust to the period of complainant's minority, it would have been an easy matter to have so indicated. On the other hand, there are directions as to what the trustee shall do with the property which he will have on hand in the event the complainant should die without surviving child or children.

In construing this provision of the will, we must also look at the whole will and the whole scheme of the testator, as evidenced

thereby. And in doing so, we find similar provisions in reference to others who were objects of his bounty, particularly the granddaughter provided for in the seventh paragraph of the will. The language used in reference to the estate of said granddaughter, and the trustee to be appointed for the management thereof is strikingly similar to the provisions for the complainant. As to this granddaughter, it is specially provided that all interest on loans shall be collected annually, and enough applied as required for the maintenance and education of said granddaughter during her minority. Then follows this provision, "But after she is an adult, the trustee is required to pay to her annually all profits of all kinds arising from any and all money he may have on hand," thereby clearly indicating that as to this granddaughter, the trustee is not appointed only during her minority, but that the same continues after she becomes an adult.

[3] The testator had a perfect right to devise his lands to a trustee for the purposes herein named. As to the wisdom of such course we are not here concerned. The only question for the courts is as to ascertaining the intent of the testator and carrying that into effect, if not inconsistent with the law.

Viewing the entire will, and the whole scheme of the testator as evidenced thereby, and giving to the words used their primary and ordinary meaning, we are of the opinion that it was the intention of the testator, and his plain purpose, to appoint a trustee for the management of complainant's estate during her life.

[4] Paragraph 11 deals with the sale of the timber on the lands, and we are of the opinion that it was the intention of the testator to treat the timber on the lands devised to the complainant as a part of the body of her estate, and that any proceeds therefrom should be loaned out by the trustee and the interest paid to the complainant. In this paragraph it is expressly provided that the proceeds of the timber sold from the lands devised to the wife and the two sons, who were of age, should "become their money, respectively, and in fee simple," and then follows the provision "that the money so received by the trustee or trustees for the respective persons shall be subject to all the terms and conditions as required of the several trusts in this will." By this language a clear distinction is made between the disposition of the proceeds of the sale of timber as to the wife and two sons and that which was to be managed by the trustees.

It is, of course, well understood that a trust estate of this character ceases as soon as the purposes of its creation have been accomplished. Edwards v. Edwards, 142 Ala. 267, 39 South. 82. But in the instant case, as we construe the will, it was the purpose of the testator, so far as this complainant is concerned, that her estate be managed and controlled by a trustee during her life. This view is in accord with that of the learned judge below, as disclosed by his opinion which appears in the record.

It appears without dispute that the trustee is in the discharge of his duties in a proper manner, and the bill seeking his removal was properly dismissed.

The decree appealed from will be here affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.