47 So.2d 471

**COOK v. MORTON.**

**8 Div. 517.**

Supreme Court of Alabama.

May 18, 1950.

Rehearing Denied June 30, 1950.

Charles Douglass and L. Chandler Watson, Jr., of Anniston, for appellant.

114

Marion F. Lusk, of Guntersville, for appellee.

STAKELY, Justice.

Mollie Cook (appellant) filed a bill in equity against Malinda Jane Morton (appellee) to construe the will of Dr. D. A. Morton, deceased, and through that construction to establish a boundary line between the land devised to Malinda Jane Morton and land devised to Mollie Cook. The complainant is a daughter of Dr. D. A. Morton, deceased, by his first marriage and respondent is the widow of the decedent.

Dr. D. A. Morton died August 12, 1936. His will, which was executed January 25, 1936, was probated September 19, 1936. A copy of the will is attached to the bill as an exhibit and is made a part thereof. Paragraphs 2 and 3 of the will are as follows.

"2. I hereby give, devise and bequeath to my beloved wife, Malinda Jane Morton, my dwelling house and lot in Boaz, Alabama, where we now reside including all furniture contained therein; also my brick storehouse and warehouse on Main Street in Boaz, Alabama; also my Plymouth automobile, also my shares of stock and all interest in the Farmers Warehouse and Gin Company, at Boaz, Alabama, and all of my live stock, one high frequency machine, one iron safe; one duptherepy lamp, also all proceeds from all of my life insurance policies.

"3. I give, devise and bequeath to my daughter, Mollie Cook, the house and lot known as my old home house and lot, in Boaz, Alabama, now occupied at this time by J. V. Niles and family, which property is bounded on the north by line running due west from northwest corner of barn located on said lot."

The will was drafted by M. C. Sivley, an attorney of Gadsden, Alabama, and an old friend of the testator. It is very seriously insisted by appellant that certain memoranda and a rough plat in the handwriting and on the stationery of Dr. D. A. Morton and found in an envelope with the will after the death of Dr. D. A. Morton, should be considered by the court in construing the will. There is no reference to the memoranda or plat in the will. As we shall see the court refused to consider the memoranda and also refused to consider the plat. We set out the memoranda as follows. It will be observed that "Malinda", the wife's name, and "Mollie & Abe", the names of the daughter and her husband, appear beside the respective descriptions of the real estate.

"Brick bungalo home
Brick Storehouse & warehouse
Farmers Warehouse stock
Automobile—and all personal property
All real estate from W. H. Bynum resident or house lot down to a point on east side Main Street, as far as a point on sidewalk *due west* of the *northwest corner* of barn and strait east from above mentioned point on sidewalk on east side of property on railroad right of way.

*Malinda*

"One house and lot joining above described house and lot on the south and containing all land from above described brick bungalo down to the Mrs. Denson concrete resident lot and back to railroad property and also down to the McPherson paster property."

*Mollie
&
Abe*

The plat followed the foregoing descriptions in the memoranda.

Prior to the trial of the case at bar a contest of the will of Dr. D. A. Morton, deceased, was instituted by the appellant here in the Circuit Court of Calhoun County. Cook v. Morton, 241 Ala. 188, 1 So.2d 890. On that trial there was testimony in connection with the execution of the will. By agreement excerpts from the transcript of the evidence of that case were introduced into the trial of this case. The testimony of M. C. Sivley was taken on the contest of the will. There is no need to set it out in detail because of the view which we take of the case. Suffice it to say that he went to the hospital where Dr. D. A. Morton was being treated at the latter's request and discussed with him the matter of a will. He advised Dr. Morton that it would be necessary for him first to determine just how he wanted to devise his property. Later he returned and was furnished memoranda by Dr. D. A. Morton. He then prepared the will which Dr. D. A. Morton signed "word for word as he had written it." However on cross-examination tendencies of his testimony show that the memoranda and draft of plat to which we have referred were the only papers which he received from Dr. Morton, that he turned over everything which he received to either Dr. Morton or Mrs. Morton and these particular documents were placed in an envelope with the will. We have referred to this testimony briefly because it is the contention of appellant (1) that the memoranda and plat to which we have referred served as a guide to M. C. Sivley in drafting the will or (2) even if M. C. Sivley did not have before him the particular information given by these documents, these documents were properly before the court and should have been used by the court in determining the intention of the testator.

Attached to the answer of the respondent as an exhibit and made a part of the answer is a diagram, which, omitting consideration of the boundary line here involved, shows the property of Dr. D. A. Morton as it was at the time of his death. The diagram will appear in the report of the case. It will be noted that the property is bounded on the north by the Bynum property, on the east by the railroad right-of-way, on the south by the Denson property and on the west by Main Street. The diagram shows the lot which the testimony shows was occupied by the testator at the time of his death. It includes the orchard, the pasture and his garden. The diagram also shows the lot which the evidence shows was occupied by J. V. Niles and family at the time of testator's death. It is bounded on the east by the fence as shown, on the south by the Denson property and on the west by Main Street. The north boundary line of the lot occupied by J. V. Niles and family is the principal question in this case. If this line is established in accordance with the language of the will alone, it runs "due west from northwest corner of barn located on said lot." If the will should be construed with the description contained in the documents found in the envelope it should be established from "a point on sidewalk due west of the northwest corner of barn and strait east from above mentioned point on sidewalk on east side of property on railroad right of way." It is obvious that if the latter description prevails the lot devised to Mollie Cook will

include the part of the pasture which lies to the rear of house occupied by J. V. Niles.

The cardinal rule of construction is that the intention of the testator must be ascertained and given effect. Without question the descriptive language in the will presents a latent ambiguity as to what constituted the dwelling house and lot where the testator was residing with his wife at the time of his death. Also the will presents a latent ambiguity as to what constituted at the time of testator's death the "house and lot known as my old home house and lot occupied at this time by J. V. Niles and family." It was proper to remove these latent ambiguities by appropriate parol evidence to identify these properties and to give these descriptions the meaning which the testator intended they should have. Achelis v. Musgrove, 212 Ala. 47, 101 So. 670; Wiley v. Murphree, 228 Ala. 64, 151 So. 869.

But the principle to which we have referred does not mean that parol evidence can be introduced to show that the will means something different from the ordinary intendment of its words. Extrinsic evidence is not admissible to vary, contradict or add to the plain and unambiguous language of the will. Authorities, supra. There is nothing ambiguous in the description in the will of the line marking the north boundary of the lot now occupied by J. V. Niles and family as follows: "which property is bounded on the north by line running due west from the northwest corner of barn located on said lot." We must take the terms which the testator used in the will. "It is never admissible to show terms the testator intended to use." Achelis v. Musgrove, supra. [212 Ala. 47, 101 So. 672]. In other words "parol evidence is not admissible to show that the testator meant one thing when he said another." 57 Am.Jur. p. 579. The memoranda and plat, though enclosed in an envelope with the will, is not admissible to show the testator's intent as to the boundary line between the properties devised by the will, where the will makes no reference to these documents and the line is described in the will without ambiguity. Dozier v. Dozier, 201 Ala. 174, 77 So. 700;

Kyle v. Jordan, 196 Ala. 509, 71 So. 417; Johnston et al. v. King et al., 250 Ala. 571, 35 So.2d 202.

Appellant further argues that the practical construction placed on the will by Malinda Jane Morton became binding on her. There is testimony tending to show a statement by her that the north boundary of the property devised to appellant extended east to the railroad right-of-way. As we have pointed out the description of the north boundary line is without ambiguity and so the statement claimed to have been made by appellee is irrelevant. 69 C.J. p. 125. Besides appellee denies that she made the statement attributed to her.

Lastly appellant argues that the rights of appellee should be governed by a statement made in argument by her counsel on the trial of the contest of the will. There he stated in argument in effect that the will devised to Mollie Cook the part of the pasture which lies east of the house and lot occupied by J. V. Niles. This position is not tenable. The statement of counsel made in argument on the contest of the will on the ground of undue influence was not a distinct, formal solemn admission made for the express purpose of relieving Mollie Cook from establishing the correct interpretation of the will in subsequent trials such as the case at bar. Le Barron v. City of Harvard, 129 Neb. 460, 262 N.W. 26, 100 A.L.R. page 775; 31 C.J.S., Evidence, § 361, page 1137. See § 46, Title 46, Code of 1940; Blackwood v. Maryland Casualty Co., 227 Ala. 343, 150 So. 180. Besides as we understand the situation it was argued by counsel for Mollie Cook that Malinda Jane Morton had exercised undue influence in getting the testator to forego the plans for division which he had made as evidenced by the memoranda and plat and so reduced the area of the property willed to her by using the description of the property contained in the will.

In the answer of Malinda Jane Morton which she prayed to be taken as a cross bill she alleged that on June 14, 1943 she recovered of complainant in the Probate Court of Marshall County three judgments in the respective amounts of $163.50, $91.77 and $87.50, that certificates of these

judgments were duly recorded in the probate office of Marshall County, Alabama so as to constitute liens upon all property of Mollie Cook subject to execution in said county and that the property devised to complainant by the will of D. A. Morton was and is subject to execution and that these judgments are due and unpaid. She prayed that unless the judgments were paid within a time fixed by the court that the property devised to Mollie Cook be sold to satisfy the judgments.

Demurrer was interposed to the foregoing allegations on the ground that the judgments were not germane to the issues presented by the original bill. However, the original bill was amended so as to show in substance that the indebtedness evidenced by the judgments aggregated in amount less than $273 and the complainant paid that amount in court as a tender to Malinda Jane Morton in full settlement of the judgments. The court sustained the demurrer to the paragraph of the amended bill which contained the allegations with reference to the tender and yet in its final decree the court ordered the register to pay to the respondent the amount of the tender made by complainant in full satisfaction of the liens referred to in the cross bill.

The effect of sustaining the demurrer to the paragraph of the amended bill setting up the tender was to strike that paragraph from the bill as amended and to deprive the court of the power to render a decree holding the tender good. Bates v. Baumhauer, 239 Ala. 255, 194 So. 520; Dinsmore v. J. H. Calvin Co., 216 Ala. 503, 113 So. 522. As shown, however, in Gamble v. Andrews, 187 Ala. 302, 65 So. 525, the action of the court is regarded as an inadvertence and the decree will be corrected so as to eliminate reference to the tender. The judgments are hereby established as liens on the property devised to Mollie Cook and the court will enter a decree ascertaining the proper amount due and ordering a sale of the property for payment of the liens at such time and place and under such conditions as the court may deem proper.

The property in this case had been owned by Dr. D. A. Morton and by him devised to the two parties to this suit, his widow and his daughter. These judgments were recovered by the widow against the daughter on the final settlement of decedent's estate in the Probate Court. Appellant brought the title to her lot into court, claiming to be the holder of the title. We think appellee could show that such title was subject to liens in her favor. No other property was sought to be brought in and there were no other parties. The subject matter of the cross bill, viz., the judgments, the liens arising from recordation of the certificates thereof, and the effort to collect the judgments were under the circumstances germane to the subject matter of the orginal bill. Propst v. Brown, 250 Ala. 282, 34 So.2d 497.

As corrected the decree of the lower court is affirmed.

Corrected and affirmed.

FOSTER and SIMPSON, JJ., concur.

LAWSON, J., concurs in the result.