80 So.2d 277

**Emil Wehby AZAR et al.**

v.

**Adele Pharo AZAR.**

**6 Div. 791, 805.**

Supreme Court of Alabama.

March 10, 1955.

Rehearing Denied May 19, 1955.

McGowen & McGowen, Birmingham, for appellants Azar and Garzouzi.

Cabaniss & Johnston, Birmingham, and Young, Aird & Young, Anniston, for appellant Aird, as coexecutor.

548

Martin & Blakey, Birmingham, for appellee.

STAKELY, Justice.

The original bill in this case was filed by Adele Pharo Azar, widow of Jemile Wehby Azar, deceased, against the Birmingham Trust National Bank and James W. Aird, as coexecutors under the will of Jemile Wehby Azar, and against Emil Wehby Azar, Fauzi Wehby Azar and Melia Azar Garzouzi, the brothers and sister of the deceased. The bill was amended to include the Birmingham Trust National Bank as trustee under such will as a party defendant.

The bill seeks a construction of the will of Jemile Wehby Azar, deceased, by declaratory judgment setting forth that (1) Adele Pharo Azar, the widow, has a fee-simple title to all the real and personal property owned by Jemile Wehby Azar at the time of his death and (2) that Item Five of the will is a nullity. Demurrers were filed to the bill as amended and overruled by the court. The defendants thereupon filed answers and cross-bills. Demurrers to the cross-bills were overruled. The case was then heard orally before the court with the result that the court entered a final decree in favor of the complainant. The appeal here is from that decree.

The testator, Jemile Wehby Azar, was born in Lebanon, attended school and college in Lebanon and came to the United States about 1920 after the death of his father. He was well educated, wrote and spoke English fluently and lived in this country until his death on March 30, 1953. In 1929 he married the complainant and they lived a continuously happy married life. Although Birmingham, Alabama, was their home and the testator died in Birmingham, his business, which was the importation and sale of rugs and linens, caused him to travel extensively. His wife on practically all occasions went with him and once in 1937 and once in 1950 they made trips to Lebanon to visit with his two brothers and sister, the appellants in this cause. At the time of his death his two brothers and his sister were his only next of kin. The

deceased left an estate of real and personal property valued at somewhat in excess of $300,000. There was testimony in the case which sought to show by proof extrinsic to the will the purpose and intention of the testator in his will. Evidence of this character was offered by the respondents in the case and evidence of this character was introduced by the complainant in rebuttal of such evidence in the event the court considered extrinsic evidence admissible. As we shall undertake to show, such extrinsic evidence is not to be considered.

The will under consideration was executed on March 23, 1950, and a copy thereof attached to the bill and made a part thereof. The first three items under the will are not in controversy. Item One directs the payment of debts and funeral expenses of testator. Item Two bequeaths all household furniture, personal effects and automobiles to his wife and Item Three provides for the payment of all taxes and specifically prohibits the payment of the taxes from any beneficiary of life insurance. Item Four and a portion of Item Five of the will are the controversial items which resulted in the institution of this suit. Item Four of the will reads as follows:

"All the rest, residue and remainder of my property of whatsoever kind, character and description, and wheresoever located, I give, devise and bequeath to my beloved wife, Adele Pharo Azar, for and during the term of her natural life. During her lifetime, my said wife may use for her own benefit, or in any manner she may see fit, all or any part of my said estate, including both the corpus thereof and the income or increment, just as though my said estate in its entirety had been left to her outright, and in fee simple. She may sell or otherwise dispose of all or any part of my said estate at any time, to such persons, and on such terms and conditions as she may in her sole and unhampered discretion elect, and my said wife shall at no time, nor shall her estate, nor her executors or administrators after her death, be accountable to any person or Court for any part of my said estate, nor for any act done or performed by her in relation thereto, nor for the use or consumption of all or any part of the same. In short, it is my intention that my said wife shall be permitted to use or dispose of all or any part of my estate just as though the same were her outright property."

That portion of Item Five which is in controversy reads as follows:

"Should my wife predecease me, or in the event that my wife and I shall die in a common disaster, even though my said wife may survive me for a period of six months after the happening of such disaster, then I direct that title to such of my estate as shall not have been disposed of during the lifetime of my wife, shall vest in the Birmingham Trust National Bank, a body corporate of Birmingham, Alabama, in trust, however, for the following objects, uses and purposes and with the powers and duties hereinafter set forth:

"(a) To collect and receive all income from any properties which may be left after my wife has enjoyed full use and benefit of my said estate during her lifetime and to pay over in equal shares the net proceeds of such income to the following named persons: (1) Emil Wehby Azar, my brother; (2) Fauzi Wehby Azar, my brother; (3) Emelia Azar Garzoozi, my sister, all of whom reside in Beirut, Lebanon, Syria. I direct that my said brothers and my sister shall take under this provision of my will per stirpes * *."

The question for decision is whether Adele Pharo Azar, the wife of the testator, inherits the property covered by Item Four of the will in fee simple or does she merely inherit a life estate with the power to use and consume and sell and dispose of said property with the remainder of the estate, upon her death, to be held in trust for the use and benefit of testator's brothers and sister named in the will?

■ Item Four of the will in plain, explicit and unambiguous terms gives to Adele Pharo Azar, the wife of testator, a life

estate during the term of her natural life in all the residue of testator's property and in equally plain, explicit and unambiguous terms gives to her also an absolute power of disposition during her lifetime. There is no mention or reference to any trust in Item Four nor is there any mention or reference to a remainder in Item Four. Such absolute power of disposition not being accompanied by any trust and no remainder being limited on her life estate, Adele Pharo Azar takes an absolute fee in all of such property. §§ 76 through 79, inclusive, Title 47, Code of 1940; Hood v. Bramlett, 105 Ala. 660, 17 So. 105; Wells v. American Mortgage Co., 109 Ala. 430, 20 So. 136; Manfredo v. Manfredo, 191 Ala. 322, 68 So. 157; Thompson v. Young, 215 Ala. 603, 112 So. 241.

█ But it is very earnestly contended that the life estate and absolute power of disposition which is given in Item Four is accompanied by a trust by reason of the language of Item Five. We must, of course, look to all of the provisions of the will to ascertain the intention of the testator. Smith v. Nelson, 249 Ala. 51, 29 So.2d 335; Ide v. Harris, 261 Ala. 484, 75 So.2d 129. Again, however, in plain, explicit and unambiguous language the testator in Item Five provided for a trust only under the two following conditions: (1) "Should my wife predecease me" or (2) "In the event that my wife and I shall die in a common disaster, even though my said wife may survive me for a period of six months after the happening of such disaster." A trust is, therefore, created in Item Five only in the event testator's wife predeceases him or in the event testator and his wife shall die in a common disaster.

█ It is conceded that the testator's wife did not predecease the decedent and that she and the testator did not die in a common disaster. It follows that no trust was ever created or came into being under the provisions of Item Five.

█ We have shown that the provisions of the will are plain, explicit and unambiguous. Under such circumstances there is no room for construction through the aid of extrinsic evidence. Parol evidence is never admissible to obtain a construction of a will which is not warranted by or will defeat its express terms. We must take the terms which the testator used in the will and parol evidence is never admissible to show terms the testator intended to use and did not use. Kimbrough v. Dickinson, 247 Ala. 324, 24 So.2d 424; Baker v. Baker, 182 Ala. 194, 62 So. 284; Achelis v. Musgrove, 212 Ala. 47, 101 So. 670; Schowalter v. Schowalter, 221 Ala. 364, 128 So. 458; Money v. Money, 235 Ala. 15, 176 So. 817; Cook v. Morton, 254 Ala. 112, 47 So.2d 471.

Under the plain, explicit and unambiguous terms of the will Adele Pharo Azar, the wife of testator, inherits the property referred to in Item Four of the will in fee simple and the brothers and sister of the decedent have no interest therein. The lower court acted correctly in holding to this effect.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.