230 So.2d 237

**Audrey Long MORRIS et al.,**

**v.**

**Sarah GILBERT, as Administratrix, etc.**

**6 Div. 702.**

Supreme Court of Alabama.

Jan. 8, 1970.

---

John W. Cooper, Birmingham, for appellants.

Dominick, Fletcher & Yeilding, Birmingham, for appellee.

McCALL, Justice.

In this case the appellants seek a construction of a will. The material facts in the case are that Joseph H. Long and Ethel E. Long, husband and wife, executed an instrument in writing, on January 11, 1957, termed by them as their joint and several last will and testament. This purports to be signed by each of them and attested by two subscribing witnesses in the presence of the Longs. The instrument contains the following pertinent paragraphs which have to do with the testamentary disposition of property:

"(2) Except as provided in paragraph 3 of this will, we give, devise and bequeath to the survivor of us all property of every kind and character owned by us, whether jointly or severally, TO HAVE AND TO HOLD Unto said survivor in fee simple.

"(3) Should we both die at the same time or within 10 days of each other, such as in case of death growing out of a common disaster, then, we give all of our property whether owned jointly or severally, share and share alike to Audrey Morris and Cameron A. Long, being children of Joseph H. Long.

"(4) We nominate, constitute and appoint the survivor of us Executor or Executrix, as the case may be, and in case of our death under the circumstances mentioned in paragraph 3 of this will, then we appoint Audrey Morris Executrix, and in either event, we expressly direct that no bond shall be required, nor any inventory filed or any final settlement made of our estate, and in case of the circumstances. mentioned in para-

graph 3 of this will, then it should become necessary to carry out the terms of this will, then we give our Executrix the right to sell and convey any property which we may leave without order of court."

Mr. Long died on May 8, 1964. More than four years later, on August 18, 1968, Ethel E. Long died in Birmingham. After the death of Mrs. Long, the above instrument was offered for probate by the appellee, Sarah Gilbert, an heir at law of Mrs. Long, as the latter's last will and testament. It was duly proven and admitted to probate by the probate court of Jefferson County, Alabama, on October 11, 1968 as Mrs. Long's will. On the same day the appellee made bond and letters of administration on the estate of Mrs. Long cum testamento annexo were issued and granted to her.

. The appellants, who are the children of Joseph H. Long, and the stepchildren of Ethel E. Long, filed a petition in the probate court of Jefferson County, Alabama, invoking its equity powers, Vol. 14, Appx., § 706, Code of Alabama, 1940, Recompiled 1958, to have the will construed as Mrs. Long's will so as to establish the appellants as the beneficiaries thereunder. As grounds for this insistence, paragraph 4 of the petition alleges:

"4. That the said will filed for Probate by said Administratrix was a joint will of Joseph H. Long and Ethel E. Long, both of whom are now deceased; that it was the intent and purpose of said Joseph H. Long and Ethel E. Long that all of their property, whether owned jointly or severally was to be given, devised and bequeathed to your Petitioners to be shared and shared alike, although the said will does not make provision for the disposition of the property of Joseph H. Long and Ethel E. Long by the survivor of the two except under conditions amounting to a 'common disaster' wherein one survives the other by ten days or less."

The appellants further aver that the failure to make disposition of the property upon the death of the survivor was due to a scrivener's error, that the true intent for the disposition of the property by the survivor of the two to the petitioners existed at the time of the drafting of the will and that that intent has been so expressed by the survivor Ethel E. Long on many occasions.

■ While the probate court sustained the appellee's demurrer to the petition of the appellants seeking a construction of the will, the case did not end there. The appellee joined issue on the original petition and the parties proceeded with a trial of the cause on the merits, each side offering oral testimony. This resulted in a final decree construing the will as being plain and unambiguous which was adverse to the appellants' contention. The appellants had their day in court and a full opportunity to present their cause under their original petition just as much so as if no demurrer had been filed. We hold therefore that appellants were not harmed by the adverse ruling of the court on their demurrer and take nothing under this assignment of error

The will was drafted by a practicing attorney who testified on being called as a witness as to what the testators told him about the testamentary disposition they desired, and what they intended in this regard. There also was testimony of other witnesses as to what Mrs. Long intended and what Mrs. Long said was her reason for wishing to make this kind of will. There was conflicting testimony from a witness called by the opposing side. Since we are of the opinion that in this case such extrinsic evidence was inadmissible and is not to be considered, we see no reason for stating its details or even its substance.

· ■ Paragraph (2) of the will gives, devises and bequeaths to the survivor of Mr. and Mrs. Long all property of every nature and character owned by them

whether jointly or severally, to have and to hold unto the said survivor in fee simple. As already stated, the will was drafted by a practicing attorney. This gives rise to the presumption that legal terms in the will are used in a legal sense. Such presumption is conclusive where an entire absence of other terms suggest a different meaning. Schowalter v. Schowalter, 217 Ala. 418, 116 So. 116; Brittain v. Ingram, 282 Ala. 158, 209 So.2d 653; De Bardelaben v. Dickson, 166 Ala. 59, 51 So. 986; Wright v. City of Tuscaloosa, 236 Ala. 374, 182 So. 72; Shuttle & Weaver Land & Improvement Company v. Barker, 178 Ala. 366, 60 So. 157. The language of this paragraph is clear, plain, explicit and unambiguous and, going unaided by extrinsic evidence, vests, by testamentary devise, a full and absolute estate in all property of the decedent in the survivor of Mr. and Mrs. Long, without limitation, qualification or restriction. Bouvier's Law Dictionary, Rawle's Third Revision, p. 1075; Blackstone's Commentaries, Book II, Chap. VII, p. 106; Cyclopedic Law Dictionary, Third Edition, p. 437. There is no limitation on the estate the survivor takes on the death of one of them, and there are no words in this paragraph of the will from which we can draw an inference or glean an intent on the part of either of the testators to bequeath or devise any remainder interest in their property to the appellants upon the death of the survivor of them.

Paragraph (3) of the will provides two conditions, upon the occurrence of either of which the appellants would take under the will, and those are (1) should we both die at the same time, or (2) within 10 days of each other, such as in case of death growing out of a common disaster. Admittedly, neither of these conditions occurred, and appellants can claim nothing under paragraph (3) of the will. Azar v. Azar, 262 Ala. 547, 80 So.2d 277.

 This court has uniformly held that when the language of a will is clear, plain, explicit and unambiguous, there is no room for construction, and parol evidence is not admissible to show an intent on the part of the maker which is contrary to the express language of the will. The courts will not permit parol or extrinsic evidence to be introduced to color or change the meaning of the language used in the document. A case which is in point on this question is Azar v. Azar, 262 Ala. 547, 550, 80 So.2d 277, 280 where the court said:

"We have shown that the provisions of the will are plain, explicit and unambiguous. Under such circumstances there is no room for construction through the aid of extrinsic evidence. Parol evidence is never admissible to obtain a construction of a will which is not warranted by or will defeat its express terms. We must take the terms which the testator used in the will and parol evidence is never admissible to show terms the testator intended to use and did not use. Kimbrough v. Dickinson, 247 Ala. 324, 24 So.2d 424; Baker v. Baker, 182 Ala. 194, 62 So. 284; Achelis v. Musgrove, 212 Ala. 47, 101 So. 670; Schowalter v. Schowalter, 221 Ala. 364, 128 So. 458; Money v. Money, 235 Ala. 15, 176 So. 817; Cook v. Morton, 254 Ala. 112, 47 So.2d 471."

Numerous authorities support this general rule of law. A few of these are as follows: City Bank & Trust Co. v. McCaa, 213 Ala. 579, 105 So. 669; Cook v. Williams, 202 Ala. 637, 81 So. 579; Fowlkes v. Clay, 205 Ala. 523, 88 So. 651; Lee v. Shivers, 70 Ala. 288; Spencer v. Title Guarantee Loan & Trust Co., 222 Ala. 485, 132 So. 730.

A different rule prevails in cases involving a latent ambiguity in the terms of a will. Under such circumstances, statements or declarations of the testator at the time of the execution or about the time of the execution of the will are admissible for the purpose of identifying the person or property. Money v. Money, 235 Ala. 15, 176 So. 817. The distinction is that while such declarations are admissible to explain the meaning of ambiguous terms, it is nev-

er admissible to show terms the testator intended to use. Achelis v. Musgrove, 212 Ala. 47, 101 So. 670.

We conclude that appellants have no interest in the estate of Ethel E. Long under the plain, explicit and unambiguous terms of her will and that the probate court acted correctly in holding to this effect.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and BLOODWORTH, JJ., concur.