CRAWLEY, Judge,
concurring specially.
Absent similar facts, I would not conclude that the phrase “cash money” includes credits held in cheeking accounts, savings accounts, negotiable order of withdrawal accounts, and certificates of deposit.
“ ‘[I]t is also true that among the rules of interpretation of wills firmly established by our Supreme Court are that, when the terms of a will are unambiguous, there is no room for construction; that the words used therein must be taken in their primary sense; that to depart from this primary or ordinary sense requires clear demonstration, apparent from the will itself, of the enlarged meaning, and that we may not infer the intention of the testator merely from our impressions as to what it would have been natural for the testator to do.’ ”
Baker v. Baker, 182 Ala. 194, 202, 62 So. 284, 286 (1913).
The enlarged meaning ascribed to the phrase “cash money” is justified only by the testatrix’s clear demonstration of her intention. This “clear demonstration” is shown by (1) the priority of the dispositions in the will, (2) the unreasonableness of leaving $75.00 to be divided between two charities, (3) the granting of a substantial bequest to the “distant cousin” in “Item 4” occurring in the will prior to the residuary clause, and (4) the distinction made by the testatrix between her “beloved cousin” and her “distant cousin.”