HOLMES, Retired Appellate Judge.
Sari Hood Ransum, Amy Leah Ransum, and Benjamin Ransum appeal a summary judgment entered in favor of Jane Hood Parker, the executrix. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
Our review of the record reveals the following: Bennie Nell Hood Horsley died testate on May 19, 1996. Her will, dated May 10, 1996, named the following four beneficiaries: Jane and Sari, Horsley’s two living sisters; and Amy and Benjamin, the two children of another deceased sister.
On February 18, 1997, the executrix filed a petition with the circuit court for construction of the will and instructions for the administration thereof. The pertinent part of the will reads as follows:
“I, hereby give, devise and bequeath to my two (2) living sisters, Jane Hood Parker and Sari H. Ransum, and to the two (2) children of my deceased sister, Mary George Hood Ransum, namely Amy Leah Ransum and Benjamin Ransum, all of my property both real and personal.”
*345 On August 18, 1997, the executrix filed a motion for a summary judgment, accompanied by the deposition testimony of Bobbye McMurray, who drafted the will. In essence, the executrix purported to show that a latent ambiguity existed on the face of the will and that the drafter’s testimony regarding Hors-ley’s instructions and intent clarified the ambiguity.
We find it interesting to note that the drafter, in this case, was not a lawyer and, in fact, was not a high school graduate. In essence, the drafter testified as follows regarding Horsley’s instructions and intent:
“Q. Okay. Now, you made a provision there then that the estate would be divided among four people; is that correct?
“A. It is not correct. No, it’s not to be divided between four people. In here it plainly says, ‘I hereby give, devise and bequeath to my two living sisters, Jane Hood Parker and Sari Ransum.’ And then the other part was to the two children of my deceased sister. They are to get the deceased sister’s part, not a part each.
[[Image here]]
“Q. Now, it does not say anything about one-third to the sisters and a sixth to the children, does it?
“A. No. And it don’t say to give them an equal part either.
“Q. Well, it doesn’t say how it’s to be divided, does it?
“A. No, it’s left up to Jane- And she told me the reason she listed these two children is because she didn’t want that— Mary I believe is the dead sister’s name— didn’t want her husband to get a part of it. So she wanted these two children to get Mary’s part. That’s what she said to me. And if I didn’t write it down right, well, then that’s what we meant.”
On September 8, 1997, Sari, Amy, and Benjamin filed a motion for a summary judgment, contending that they were entitled to a judgment as a matter of law. Specifically, they contended that the language in the will was unambiguous and subject to only one interpretation — all four beneficiaries would take an undivided one-fourth share under the will.
On November 10, 1997, the trial court entered a summary judgment in favor of the executrix, concluding that Horsley’s estate would be divided as follows: one-third to Jane, one-third to Sari, one-sixth to Amy, and one-sixth to Benjamin. In other words, the trial court distributed the estate to the beneficiaries in the same manner, and in the same shares, that they would have received under the law of descent and distributions had Horsley died intestate.
Sari, Amy, and Benjamin appeal.
The dispositive issue on appeal is whether the trial court erred in allowing extrinsic evidence to prove the intent of Horsley, the testator.
It is well settled that “[t]he construction of a written document is a function of the court. If the document is unambiguous, its construction and legal effect is a question of law which may be decided, under appropriate circumstances, by summary judgment.” Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190, 1194 (Ala.1978) (citations omitted).
In Gafford v. Kirby, 512 So.2d 1356, 1360-63 (Ala.1987), our supreme court stated the following:
“In any case before this Court involving the construction of wills or trusts, the cardinal rule is to ascertain the testator’s/grantor’s intent. City National Bank of Birmingham v. Andrews, 355 So.2d 341 (Ala.1978). We have repeatedly referred to this intent as the polestar that guides us. Wiley v. Murphree, 228 Ala. 64, 151 So. 869 (1933).
[[Image here]]
“It is well settled in this state that extrinsic evidence is not admissible if the instrument, on its face, is clear and unambiguous, Morris v. Gilbert, 285 Ala. 179, 230 So.2d 237 (1970), or if the ambiguity within the instrument is a patent one, Martin v. First National Bank of Mobile, 412 So.2d 250 (Ala.1982). Extrinsic evidence is admissible only in the case of a latent ambiguity. Perdue v. Roberts, 294 Ala. 194, 314 So.2d 280 (1975).
“ ‘A latent ambiguity is to be distinguished from a patent ambiguity. A *346 patent ambiguity is not a true ambiguity; it is merely confusion created on the face of the will by the use of defective, obscure or insensible language. On the other hand, a latent ambiguity occurs where the language is clear and intelligible, but when considered in light of certain extraneous facts, it takes on a multiple meaning.’
“Jacoway v. Brittain, 360 So.2d 306, 308 (Ala.1978).”
(Emphasis added.)
As noted previously, the drafter of the will was not a lawyer and, thus, did not have the requisite skill and expertise to draft a will. This lack of skill and expertise caused the drafter to omit from the will specific legal terms such as “per stirpes,” “per capita,” or “lineal descendants,” etc. Clearly, these terms, by their very nature, are generally included in wills for the purpose of properly disposing of the testator’s estate.
We agree that the language in the will, as stated, is clear and intelligible. However, when considered in light of the extraneous facts, i.e., the drafter’s lack of legal expertise, the language takes on multiple meanings. For this reason, it is particularly important that the drafter’s testimony regarding the testator’s intent be given great consideration.
As noted previously, “[i]n any case ... involving the construction of wills or trusts, the cardinal rule is to ascertain the testator’s/grantor’s intent.” Gafford, 512 So.2d at 1360. “Should [the extrinsic evidence] convince the trial court that, when otherwise clear language in the instrument, by its application, might take on multiple meanings ..., then the court can admit this [extrinsic] evidence to clear up that ambiguity.” Gafford, 512 So.2d at 1363. This is precisely what the trial court did in the instant case.
Based on the foregoing, the trial court correctly entered a summary judgment in favor of the executrix. Consequently, the judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.