# HIGH'S ADM'R *vs.* WORLEY'S ADMR'X.

[BILL IN EQUITY AGAINST ADMINISTRATOR, FOR ACCOUNT, SETTLEMENT, AND DISTRIBUTION OF ESTATE.]

1. *Legacy held vested, and not contingent.*—A bequest in these words, "It is my wish and desire, that all the lands which I own adjoining S. may be held and retained by my executor, for the use and support of my wife and children, together with two female slaves," (naming them,) " all the household and kitchen furniture, and the stock of every description whatsoever, until my daughter Fanny Ann shall arrive at the age of sixteen years ; then to be sold, and the proceeds equally divided between my wife and children, share and share alike,"—creates a vested legacy in the children.

2. *Statute of limitations and staleness of demand, as applicable to bill in equity for distribution of estate.*—A bill in equity, filed by the administrator of a deceased legatee, seeking a settlement and distribution of the testator's estate in accordance with the provisions of his will, is not barred by the statute of limitations, nor can it be treated as a stale demand, when it appears that the legatee died before the period fixed by the will for distribution had arrived, and that no letters of administration were granted on his estate until within a few days before the bill was filed.

3. *Parties to bill for distribution.*—To a bill filed by the administrator of a deceased legatee, seeking a settlement and distribution of the testator's estate in accordance with the provisions of the testator's will, all the other distributees who are interested in the fund are necessary parties.

4. *Distribution of estate in equity.*—The administrator of a deceased legatee may file a bill in equity against the personal representative of the testator, to compel a settlement and distribution of the estate in accordance with the provisions of the will.

APPEAL from the Circuit Court of Dallas.

Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by Edward High, as the administrator of his deceased wife Nancy, against Mrs. Francis Worley, as the administratrix with the will annexed of her deceased husband, Adonijah Worley, who was the father of Mrs. High; and sought a settlement and distribution of the said testator's estate in accordance with the provisions of his will. The testator died in Dallas county, Alabama, the place of his residence, prior to the 14th February, 1831, leaving a last will and testament, dated the 11th January, 1830, which was duly admitted to pro-

bate after his death, and which contained the following provisions:

"I desire to be decently buried; after which I desire, that all sums due to me, in any manner whatsoever, may be collected with as little delay as possible, and that all just debts due by me may be paid as early as the means of doing so from collections will permit; and believing that there is not a sufficient sum due to me to enable my executors to discharge all the demands against me, it is my wish, that my negro boy Joseph be sold, as soon after my death as practicable, on a credit of twelve months; and the money, when collected, to be applied to the payment of my notes in favor of the agents of the 'Selma Town Company.' Also, I desire that the brick remaining on hand, together with all the tools of every description whatsoever belonging or appertaining to the brickyard, may be sold on a credit of twelve months; the proceeds to be applied to the payment of my debts. Also, I desire that the east half of the south-east quarter of section ten, township eighteen, range eleven, may be sold on a credit of twelve months, provided the same can be sold for one hundred dollars. It is my wish and desire, that all the lands which I own adjoining the town of Selma may be held and retained by my executor, for the use and support of my wife and children, together with two female slaves, viz., Eliza and Maria, all the household and kitchen furniture, and the stock of every description whatsoever, until my daughter Fanny Ann shall arrive at the age of sixteen years: then to be sold, and the proceeds equally divided between my wife and children, share and share alike. And should my wife again connect herself in marriage before my aforesaid daughter shall have become sixteen years of age, in that case it is my desire, that all the property which at that time may belong to my estate may be sold, rented, or hired out, as my executor may think most for the interest of my wife and children; and, in either case, my wife is to receive a child's part. As my estate is not of a value that will exempt my children from labor, it is my desire, that each of my sons shall learn some trade. I therefore desire, that my

executor will, as they shall severally arrive at the age of sixteen, permit them to make choice of such trade as they may prefer, binding them for such length of time as he may deem necessary for them to acquire a proper knowledge of the business they propose to learn."

The record nowhere shows the precise time at which the testator's daughter Fanny Ann, mentioned in his will, attained the age of sixteen years. The bill was filed on the 8th June, 1855, and alleged that she was then about twenty-four years old. The complainant's intestate died on the 25th December, 1844; but letters of administration on her estate were not granted until the 6th June, 1855.

The defendant demurred to the bill, for want of equity, for want of proper parties, and because there was an adequate remedy at law. The chancellor sustained the demurrer for want of equity, and dismissed the bill; holding, 1st, that the legacy to the testator's children did not vest until Fanny Ann arrived at the age of sixteen years, before which time Mrs. High died; and, 2d, that the demand was stale. The decree of the chancellor is now assigned as error.

GEO. W. GAYLE, with whom was JOHN T. MORGAN, for the appellant, contended,—

1. That the legacy to Mrs. High was vested; citing Savage v. Benham, 17 Ala. 119; Hardy v. Boaz, 29 Ala. 168; Farley v. Gilmer, 12 Ala. 141; 6 Por. 507; 11 Ves. 498; 11 Wendell, 259; 1 Bro. Ch. 298; 3 Atk. 645; 2 Vent. 342.

2. That the demand could not be considered stale, until the expiration of twenty years from the time when the administratrix might have been called to account.—Rhodes v. Turner, 21 Ala. 210.

JONA. HARALSON, with whom was WM. M. BYRD, contra, made the following (among other) points:

1. The legacy to the children did not vest until Fanny Ann arrived at the age of sixteen years.—Gregg v. Bethea, 6 Porter, 21; Christian v. Christian, 3 Por. 350; Travis

v. Morrison, 28 Ala. 494; 2 Edw. Ch. 161; 8 Vesey, 547; 11 Vesey, 489; 6 Vesey, 239; 3 Vesey, 613; 1 Vesey, sr., 217; 2 Salk. 415; 1 Sim. & Stu. 328; Ward on Leg. 172.

2. The claim is barred, both by the statute of limitations, and by the staleness of the demand; since the complainant's intestate, if she took any interest under the will, might have instituted proceedings for its recovery as early as August, 1832.—Rhodes v. Turner, 21 Ala. 218; Wood v. Wood, 3 Ala. 756; Sims v. Canfield, 2 Ala. 555; Maury v. Mason, 8 Porter, 211; Kane v. Bloodgood, 7 John. Ch. 90; Johnson v. Johnson, 5 Ala. 90; Juzan v. Toulmin, 9 Ala. 663; Nimmo v. Stewart, 21 Ala. 682; 3 Bro. Ch. 639; 2 Sch. & Lef. 634.

STONE, J.—The general rules for determining whether a bequest is vested or contingent, are, that where the time of division or payment is of the *substance* of the gift, then the legacy is contingent; when time is mentioned only as a qualifying clause of the payment or division, then the legacy is vested. A second rule is, that the law inclines to regard legacies as vested, rather than contingent. The rule last stated is applied only when the intention is obscure and doubtful.—Travis v. Morrison, 28 Ala. 494.

In the will which we are considering, there is not a qualifying word or clause, which shows that *time* was made of the substance of the gift. The whole property was dedicated to the use and support of testator's wife and children, until Fanny Ann should attain to the age of sixteen. Then it was to be sold and divided between his wife and children, share and share alike. None of the words are found in this will, which are usually understood as expressing contingency; such as, *if, in the event*, &c. If the words in this will be held contingent, the result will be that, if Mrs. Worley and her children had died before Fanny Ann reached the age of sixteen, there would have been an intestacy of the entire estate.

We are not able to distinguish, in legal construction, this will from the one construed in the case of McLeod v. McDonald, 6 Ala. 236. The legacy in that case was held to be vested, and we hold that this is also.

[2.] Fanny Ann arrived at the age of sixteen, as the bill avers, some time in 1846. Till that event happened, no legatee had any right to call for distribution. Mrs. High died before 1846. Hence, during her life, she had no right to call on the administratrix to distribute, or give to her any portion of the estate. No administration was taken out on the estate of Mrs. High until a short time before this bill was filed, in 1855. The claim of her administrator for distribution of her father's estate under the will, was neither barred nor stale.

[3.] It will be necessary to amend the bill, by adding the other distributees.—See Colbert v. Daniel, at the last term.

[4.] The bill in this case, to obtain distribution, is well filed.—Marshall v. Crow, 29 Ala. 279.

The decree of the chancellor is reversed, and the cause remanded.