## McGUIRE vs. WESTMORELAND.

[BILL IN EQUITY FOR PARTITION OF SLAVES.]

1. *Gift to "children" held not to include grand-children.*—Under a deed of gift, by which slaves are conveyed to a trustee, in trust for the sole and separate use of the grantor's married daughter during coverture, and, "upon the dissolution of said marriage," to be conveyed by the trustee "to the present and future children, the offspring of said marriage, that may be living at the time of the happening of said dissolution of marriage,"—grand-children, whose parent was living at the time the deed was executed, but died before the dissolution of the said marriage, take no interest.

APPEAL from the Chancery Court of Lauderdale.
Heard before the Hon. JOHN FOSTER.

THE bill in this case was filed by the children and heirs-at-law of Frances A. McGuire and Sarah J. Briggs, both deceased, infants suing by their next friends, against the surviving brothers and sisters of said Frances and Sarah; and sought a partition of certain slaves, in which the complainants claimed an interest under a deed of gift from Robert Mitchell, their maternal great-grandfather. Said deed of gift, which was made an exhibit to the bill, was dated the 1st October, 1842, and conveyed a negro woman and her two children, (who, with their increase, are the subject of this suit,) in consideration of the grantor's natural love and affection for his daughter, Lucy Westmoreland, then the wife of Edwin B. Westmoreland, to Albert G. Westmoreland as trustee, upon the following trusts: "that the said Lucy Westmoreland, the party of the third part, is to have the sole use and enjoyment of said slaves as her separate property, free from the control of her said husband, so long as the marriage shall subsist between herself and her said husband; and upon this further trust, that upon the dissolution of said marriage, either by act of law or God, then the said party of the second part [the trustee] convey said slaves, with the future in-

crease of the females, absolutely, to the present and future children, the offspring of the said marriage between said Edwin B. and Lucy Westmoreland; that may be living at the time of the happening of such dissolution of marriage." The bill alleged, that said Frances A. McGuire and Sarah J. Briggs were children of said Lucy and Edwin B. Westmoreland, and were living at the time said deed of gift was executed; that said Sarah died in September, 1849, and said Frances in January, 1851; that said marriage between Edwin B. and Lucy Westmoreland was dissolved, by the death of said Edwin, in September, 1856; and that the trustee, disregarding the rights of the complainants, afterwards conveyed the slaves to the defendants. The chancellor sustained a demurrer to the bill, for want of equity, and his decree is now assigned as error.

W. B. WOOD, for appellants, cited 2 Sim. 320, 326; 4 Vesey, 437; 10 Vesey, 196; 1 Vesey, 196; 2 Dess. 123, note; 1 Dess. 324, 137; 7 Paige, 328, 339; 2 Sneed, 5; 12 Ala. 135; 1 Roper on Legacies, 46.

JNO. S. & E. W. KENNEDY, contra., cited 2 Jarman on Wills, 51–57; 2 Williams on Executors, 934–35; 1 Dev. & Bat. 393; 3 Vesey, 289; 2 McCord's Ch. 440; 4 Paige, 47; 3 Mason, 594; 4 Watts, 82; 2 Swan, 318; 17 Ala. 617; 19 Ala. 348; 3 Porter, 452.

STONE, J.—The word *children*, in its general signification, includes only those persons who are descended from an ancestor, or *propositus*, in the first degree. There are two classes of cases, in which the word *children*, in a devise or bequest, will be construed to include grandchildren: 1st, from necessity—where the will would remain inoperative, unless the sense of the word "*children*" were extended beyond its natural import; and, 2d, where the testator has clearly shown that he did not intend to use the term *children* in its proper and actual meaning, but in a more extensive sense.—Morris v. Owen, 2 Call, 520; Phillips v. Beall, 9 Dana, 1; Mowatt v. Carow,

7 Paige, 328; Cutter v. Doughty, 23 Wendell, 513; Stubs v. Stubs, 11 Humph. 43; Dickinson v. Lee, 4 Watts, 82; 2 Williams on Executors, 935; 1 Roper on Legacies, 68.

In the present case, the language employed does not convey the idea, that the testator used the word *children* in any other than its ordinary sense. The time when the children are to take, is fixed at the dissolution of the marriage, either by death or otherwise, between Edwin B. and Lucy Westmoreland. The persons who are to take, are the present and future children of said parties, who *may be living* at the dissolution of said marriage. The words, "*the offspring of*," do not enlarge the meaning of the word *children*. They are synonymous with *born of*, or *the fruit of ;* and can have no other effect than to make more definite the persons who are described as children—namely, those who are the fruit, the offspring, of Edwin B. and Lucy Westmoreland. We find nothing in this deed, which authorizes us to give to the word *children* the more enlarged meaning, so as to include grand-children. McCroan v. Pope, 17 Ala. 612; Johnson v. Culbreath, 19 Ala. 348; Scott v. Nelson, 3 Porter, 452.

Decree of the chancellor affirmed, at the costs of the appellants' next friends.

R. W. WALKER, J., not sitting.