# Phinizy v. Foster.

*Bill in Equity between Devisees and Legatees, asking for Construction of Will.*

1. *Bequest to children, on death of first taker without living issue; whether vested or contingent.*—A testamentary bequest as follows: "In the event of my son Edgar dying without issue living at his death, I desire his portion, with the accumulations, to be divided among the children of my son Paul J. and my daughter Elmira," followed by a provision that, on the death of Elmira without living issue, all of her interest under the will should be equally divided among grand-children and great-grand-children, does not create a vested remainder in the children of Paul J. living at the death of the testator, but a contingent remainder in those who were living at the subsequent death of said Edgar.

APPEAL from the Chancery Court of Lawrence.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 24th of April, 1888, by Mrs. Susan A. Foster, wife of E. H. Foster, daughter of Paul J. Watkins, deceased, and grand-daughter of Samuel Watkins, deceased, against Paul W. Phinizy and others, grand-children and great-grand-children of said Samuel Watkins; and sought a judicial construction of the will of the said Samuel Watkins, particularly the 6th clause, and the distribution of the property in the hands of trustees, who were made defendants to the bill. Samuel Watkins died in 1835, Paul J. Watkins died in 1861, and Edgar Watkins on the 13th April, 1887. At the death of the testator, Paul J. Watkins had five children living, but only two of them survived the said Edgar, one of whom was the complainant. The 6th clause of the will is copied in the opinion of the court. The cause being submitted for decision on the construction of the will, the chancellor held and decreed that the two children who survived said Edgar took the interest in dispute, to the exclusion of the descendants of deceased children; and his decree is assigned as error by the defendants.

WARD & BETTS, for appellants, cited 4 Kent, 203–05, 261–2; *Kumpe v. Coons*, 63 Ala. 448; *Collins v. Toomer*, 69 Ala. 14; 7 Cranch, 256.

[Phinizy v. Foster.]

W. P. CHITWOOD, and E. H, FOSTER, *contra*, cited 1 Jarman on Wills, 726; 2 Wms. Exrs., 1093; *Satterfield v. Mayes*, 11 Humph. 58; *Beasley v. Jenkins*, 2 Head, 191; *Lorillard v. Coster*, 5 Paige, 185; *Leigh v. Leigh*, 17 Beav. 605; *Viner v. Francis*, 1 Cox Ch. 150; *Vanzant v. Morris*, 25 Ala. 292; *Insurance Co. v. Webb*, 54 Ala. 688; *Russell v. Russell*, 64 Ala. 500; *Travis v. Morrison*, 28 Ala. 494; Tied. Real Property, 518; 2 Washb. Real Prop. 637; 3 Peters, 99; 31 Barb. 465; 26 Wend. 229; 94 Ind. 403, or 48 Amer. Rep. 167; *McGuire v. Westmoreland*, 36 Ala. 594; 29 Amer. Dec. 336; 1 Ired. 145; 15 East, 174; 2 W. Saunders, 388; 2 Har. Del. 103.

CLOPTON, J.—The sixth clause of the will of Samuel Watkins, who died in 1835, reads as follows: "In the event of my son Edgar dying without issue living at his death, I desire his portion, with the accumulations, to be divided equally among the children of Paul J. Watkins and my daughter Elmira; and in the event of my daughter Elmira dying without issue living at her death, I desire the estate left to her and her children, together with the accumulations, to be equally divided among all my grand-children and great-grand-children, but great-grand-children, whose parents are living and able to take under this will, not included in this bequest." At the time of the testator's death, Paul J. Watkins had five children living, three of whom died prior to the death of Edgar Watkins, who died in 1887, without leaving issue living. The bill, which is filed by appellee, one of the children of Paul J. Watkins who survived Edgar Watkins, brings the foregoing clause of the will for construction, and seeks to have ascertained and determined who are the persons entitled to share in the distribution of his portion of the estate, whether all the children living at the time of the death of the testator, or only those who were living at the time of Edgar's death.

Admitting the uncertainty of the happening of the event, upon which they were to come into possession of the property, appellants contend, that the children living at the death of testator are the persons ascertained by the will to take when the contingency happened, and thus became invested with a present right of a future contingent enjoyment—a possibility, coupled with an interest transmissible by descent, and which entitled the real and personal representatives of those who died during the continuance of Edgar's life to participate in the distribution, when the period of distribution arrived. Two rules are invoked in support of this construction; the first,

that a will speaks from the death of the testator; and the second, that the law favors vested estates. For most purposes, the will is regarded as speaking from the death of the testator, especially in reference to classes of persons subject to fluctuation by increase or diminution in number, which is generally understood to apply to persons answering the description at the time of the testator's death. In a gift to a tenant for life, remainder to his children, or to the children of a third person, those living at the death of the testator take vested remainders, subject, it may be, to open and let in any after-born children. It is also an acknowledged rule, that the law inclines to regard estates as vested rather than contingent. Best, C. J. states as the established rule for the guidance of the court; "That all estates are to be holden to be vested, except estates in the devise of which a condition precedent is so clearly expressed that the courts can not treat them as vested without deciding in direct opposition to the terms of the will." *Duffield v. Duffield*, 1 D. & C. 311. This rule is generally applied when the intention of the testator is obscure and doubtful; it has no application when the intention to create contingent legacies or devises is clear. In respect to each of the rules, the intention of the testator, as shown by the words employed by him, must control.

The pivotal question is, whether the estate in remainder, created by the will, vested at the death of the testator, or was contingent. The distinguishing characteristics are: a remainder is said to be vested, when the estate passes out of the grantor at the creation of the particular estate, and vests in the grantee during its continuance, or *eo instanti* that it determines—when a present interest passes to a certain and definite person, to be enjoyed *in futuro;* and is said to be contingent, when the estate is limited, either to a dubious and uncertain person, or upon the happening of a dubious or uncertain event—uncertainty of the *right* of enjoyment, as distinguished from the uncertainty of *possession.—Poor v. Considine*, 6 Wall. 458. It is an established principle, that estates are regarded contingent, when the event upon which they take effect may or may not happen. For instance, when a will gives a legacy to a certain person, if he reaches a certain age, it is presumed that the testator meant he should not have it unless he reached that age. According to the express terms of this will, Paul J. Watkins took nothing, unless Edgar died without issue living. The condition precedent to the vesting of the estate is so apparent from the terms employed by the testator, that it can not be held to have conferred a present right of future enjoyment, without subverting his manifest inten-

tion. The time when they can come into possession and enjoyment is not merely a qualifying clause of the time.of division. but is attached to the subject of the gift; is of its essence and substance.—*High v. Worley*, 32 Ala. 709; *Marr v. McCullough*, 6 Por. 507. From the nature of the event, upon the happening of which the gift arises, the testator must be presumed to have made no gift, unless it happened.

When the payment of a legacy is dependent upon an uncertain future event, which may or may not occur, it lapses if the legatee dies before the happening of the event. There must be some person *in esse*, capable of taking, when the contingency occurs on which the right depends. On this principle, if a legacy is given to a class of persons, dependent on an uncertain event, that class is to be ascertained at the time of its happening, if it ever happens, and the entire interest vests in such persons as, at that time, fall within the description of persons constituting that class. In 2 Williams on Ex'rs, 1332, the author states as one of the positive rules, "That if the words, 'payable,' or 'to be paid,' are omitted, and the legacy is given at *twenty-one*, or, *if*, *when*, *in case*, or *provided* the legatee attains twenty-one, or *on* his attaining that age, or any other future definite period, this confers on him a contingent interest, which depends for its vesting, and its transmissibility to his executors or administrators, on his being alive at that period." In *Vanzant v. Morris*, 25 Ala. 285, it is said: "Where the enjoyment of the thing is by the testator's expressed intention not to be immediate, but is postponed until a particular period, or until a particular event shall happen, then those who answer the general description at that period, or when the event happens on which the distribution is to be made, are entitled to take."

In *Travis v. Morrison*, 28 Ala. 494, the testator directed his executors to keep his estate together, and, in the event of his wife's marriage, or the marriage of any one of his children, or any one of them arriving at age, to divide his property equally between them, giving each a child's part. One of the children died before either of them arrived at the age of twenty-one years, or married. The court said: "Our conclusion is, that the legacies, to be given and assigned by the executor in the event of the marriage or attainment of majority of any of the legatees, are contingent; and that those of the legatees who were alive when some one of them married, or arrived at majority, take, in equal parts, the entire bequest mentioned in the clauses under consideration."

The gift is to a class—children of Paul J. Watkins. The term *children*, there being no necessity to give it a broader

signification to prevent the will being inoperative, and it not appearing the testator intended to use it in a more extensive sense, includes only the persons who descended from him in the first degree. When he intended grand-children, or great-grand-children, he used those terms.—*McGuire v. Westmoreland*, 36 Ala. 594. As the gift is to a class, and did not take effect unless Edgar Watkins died without issue living, the rule established by the foregoing authorities, and sustained by the current of authority with scarcely a dissent, that those who fall within the description at the time the bequest took effect, and those only, are entitled to take, applies and governs the construction of the clause under consideration.—*Con. Life Ins. Co. v. Webb*, 54 Ala. 688; *Lee v. Lee*, 17 Beav. 505; *Satterfield v. Mayes*, 11 Humph. 58; *Lorillard v. Coster*, 5 Paige, 185.

Affirmed.