(132 So. 730)

## SPENCER v. TITLE GUARANTEE LOAN & TRUST CO. et al.

6 Div. 768.

Supreme Court of Alabama.

Jan. 15, 1931.

Rehearing Denied March 19, 1931.

486

See, also, ante, p. 221, 132 So. 32.

E. L. All, John S. Coleman, and Bradley, Baldwin, All & White, all of Birmingham, for appellees.

Wm. M. Spencer, Jr., Borden Burr, and D. K. McKamy, all of Birmingham, for appellant.

This case was submitted under Rule 46 and Mr. Chief Justice ANDERSON, delivered the opinion of the court.

The sole question for determination upon this appeal is whether or not a grandchild of Margaret Hopkins took any interest in the income upon the death of said Mrs. Hopkins and which involves the interpretation of the following language as used in paragraph (c) of item 7 of the codicil to the will of J. H. Woodward:

"Upon the death of either of my children, the child or children of my deceased child shall take the share of the income which the parent would have taken if living."

In other words, was child or children used in the technical sense so as to exclude the grandchild of Mrs. Hopkins or in such a way as to include her descendants other than children?

It is a cardinal rule of interpretation that the entire will must be looked to in order to ascertain the intention of the testator, but it is equally as well settled that courts cannot disregard the plain and unambiguous language of a will in order to express a contrary intent for the testator notwithstanding said intent might appear to the court as more natural and just, for to do so would, in effect, be making a new will for the testator.

The primary, legal meaning of the words "child or children" is immediate offspring, descendants of the first degree, a son or daughter of the named ancestor. McGuire v. Westmoreland, 36 Ala. 594; Continental Life Ins. Co. v. Webb, 54 Ala. 688; Duncan v. DeYampert, 182 Ala. 528, 62 So. 673; Wilson v. Rand, 215 Ala. 159, 110 So. 3. This meaning has been given these words not only by the decisions of this court but by courts of the other states and of the Supreme Court of the United States.

There are instances in which the courts have felt justified in extending the words "child or children" when used in a will so as to include grandchildren, usually when no one meets the description of child or children in the technical sense or where there are peculiarities in the will which clearly show it was the intention of the testator to use the words in the enlarged meaning. Authorities, supra, and Shuttle Co. v. Barker, 178 Ala. 366, 60 So. 157; Rosenau v. Childress, 111 Ala. 214, 20 So. 95; Baker v. Baker, 182 Ala. 194, 62 So. 284. The first exception does not, of course, exist in this case, as Mrs. Spencer answers to the description of child of Mrs. Hopkins. So, the inquiry is: Is there anything in the will, when considered in its entirety, to clearly show that the testator, J. H. Woodward, intended to use these words in the enlarged sense? The testator was a man of unusual intelligence and business ability, and the scrivener, Mr. Smyer, was an expert lawyer and fully cognizant of the technical meaning of the words child or children when used in wills. Moreover, the testator and the scrivener seem to have appreciated the meaning of the words in disposing of the corpus of the estate after the death of the last survivor of the testator's children by expressly including the descendants or grandchildren of his children as beneficiaries thereunder. It would be a violent assumption on the part of the court to hold that the testator did not mean what he said through an expert scrivener. There can be no doubt of the fact that the testator had a warm affection for his two granddaughters, the children of Mrs. Hopkins, and made ample provision for them and their descendants in dealing with the corpus of his estate as well as for their maintenance and support from the income prior to a final distribution or vesture, but it is evident he did not have great-grandchildren in mind when dealing with the income as distinguished from the corpus. He no doubt would have made some provision for the support of the child of Josephine had he foreseen present conditions, but he had every reason to think that the children of Mrs. Hopkins would not only survive her, but his other two children, A. H. Woodward and Mrs. Underwood, and that present conditions would not arise. At any rate, the will must be construed upon conditions as then existing and not upon a theory that it would have been different if present conditions could have been foreseen. Moreover, the books abound with cases where testators have made provision for the support of one class to the exclusion of another class although the excluded class may have taken under the laws of descent and distribution. We are therefore constrained to hold that so much of the income that went to Mrs. Hopkins upon her death went to her surviving child, Margaret Spencer, to the exclusion of her grandchild, Joseph W. Simpson.

The decree of the circuit court is reversed, and one is here rendered to the effect that Margaret Spencer takes the income that went to her mother to the exclusion of Joseph W. Simpson.

Reversed and rendered.

SAYRE, THOMAS, and BOULDIN, JJ., concur.