200 So. 615

**BAKER et al. v. HENDRICKS.**

6 Div. 769.

Supreme Court of Alabama.

Feb. 27, 1941.

J. T. Johnson, of Oneonta, and St. John & St. John, of Cullman, for appellants.

P. A. Nash, of Oneonta, for appellee.

BOULDIN, Justice.

Appellee filed her bill in equity praying for a construction of the will of Samuel M. Hendricks, her deceased husband. There was alternate prayer for reformation. Respondents, heirs of decedent, filed demurrers, which were overruled. The appeal is from this decree.

The pertinent provisions of the will appear in the report of the case.

The special matter to which the bill is addressed appears in the fourth item of the will devising to the wife "my undivided one-half interest in and to lots 153 to 157, both inclusive, in Block 27," &c.

The bill alleges it was the intention of the testator to devise all his title and interest in this property to the wife; that in fact he owned the entire title and interest therein; and the will should be construed to pass the complete title, or be reformed to like effect. An alternate averment of the bill is that the testator was of opinion that the title to this property was in him and his wife jointly, and intended to devise all his interest therein to the wife.

The demurrers challenged the bill on the ground that the will is clear and unambiguous, defines with certainty the interest devised, an undivided half interest, that such interest can not be enlarged to a complete title by construction.

Appellee, among other things, relies upon the strong presumption against partial intestacy indulged in the construction of wills.

In this case we need not look to such presumption. The first paragraph of the will expressly declares a purpose to devise and bequeath all the property, real, personal, and mixed owned by the testator at the time of his death in "the manner following." The devise of "my undivided one-half interest," following in item four may be taken to clearly indicate an intent to devise all his title and interest in that property.

But with equal certainty he defines his interest as an undivided half, and so devises same.

There is nothing doubtful or ambiguous as to the interest intended to be devised. That the testator believed he only owned an undivided half interest confirms such intent. What he probably would have written but for such belief can not be written into the will under the guise of construction.

Neither do the facts alleged present ground for reformation. It does not appear the will fails to express what the testator intended it should express. Reformation is to make the writing conform to what the executing party intended it should express.

The bill discloses no more than that the testator intended to will all his estate and to devise all his interest in these lots to his wife, but by mistake as to the extent of his ownership, he omitted an undivided half interest, leaving an undivided half interest undisposed of.

The case is no different from omission of an item of property by oversight, or lack of knowledge of its ownership. A will making specific devises only, with no residuary clause, can not be rewritten so as to include property so omitted. Construction of a will, ambiguous in its provisions, is to ascertain the real in-

632

tention of the testator. No presumptions or rules of construction can serve to rewrite a will at variance with its clear and unambiguous terms, whatever extraneous fact may have led the testator to make the will he did make. The sanctity of wills, safeguarded by law, would be weakened, if not destroyed, by thus disregarding the plain terms of the will. City Bank & Trust Co. v. McCaa et al., 213 Ala. 579, 105 So. 669; Meglemry et al. v. Meglemry, 222 Ala. 229, 131 So. 906; Spencer v. Title Guarantee Loan & Trust Co. et al., 222 Ala. 485, 132 So. 730; 69 C.J. § 1110, § 1148, Notes 98 and 99.

We must, therefore, hold this bill subject to the demurrer; and the ruling of the court below was in error.

Reversed and remanded.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.