78 So.2d 299

### Celeste E. WERNETH et al.

v.

### Will Thomas HANLY.

### I Div. 599.

Supreme Court of Alabama.

Feb. 24, 1955.

Johnston, McCall & Johnston, Mobile, for appellants.

220

W. C. Taylor, Mobile, for appellee.

MERRILL, Justice.

This appeal is from a decree of the circuit court, in equity, sustaining the demurrer to the bill. The record has been abridged by agreement of counsel under Supreme Court Rule 28, Code of 1940, Title 7, Appendix.

The bill shows that Virginia M. Cox died testate in Mobile County in 1909, leaving a last will and testament and a codicil thereto both of which were admitted to probate and record on December 23, 1909. Mrs. Cox left surviving her two daughters, Mrs. Alice Dure and Mrs. Celeste Reneau. Mrs. Alice Dure died testate in May 1951 leaving a last will and testament devising her estate to her husband, Will Thomas Hanly, to whom she had been married in 1950. Mrs. Celeste Reneau is still living, but her husband, James T. Reneau, died in 1930.

The bill was filed by the two living children of Mrs. Reneau and the children of her deceased daughter against Hanly and Mrs. Reneau, seeking a construction of the will of Mrs. Virginia M. Cox, under the Declaratory Judgment Act, Code of 1940, Title 7, § 156 et seq., praying that the court quiet the title of complainants to certain property on Government Street and declare that respondent Hanly has no interest therein, and that Hanly be required to account for rents heretofore collected by him from the property.

The respondent demurred to the bill on the grounds, inter alia, that there was no equity in the bill, that there was no justiciable controversy shown, that the will was not ambiguous and required no construction, that the bill showed on its face that title to an undivided one-half interest in the property vested in Alice Dure Hanly in 1930, and that the bill showed on its face that it was barred by the statute of limitations of ten years and the prescriptive period of twenty years, the bill having been filed December 7, 1953.

The pertinent part of the codicil is:

"Whereas by my last will I gave and bequeathed to my beloved daughter

Mrs. Alice Dure, of El Paso, Texas, the real property belonging to me and consisting of lots and the improvements thereon and located at the house numbers 1001 and 1003 Government Street in the City of Mobile, Alabama, and being located at the corner of Government and Ann Streets in said city, to have and to hold for and during her natural life, now therefore, I do hereby revoke and change said legacy in this particular, that if James T. Reneau, the husband of my daughter, Celeste E. Reneau, should die before my beloved daughter, Celeste E. Reneau, leaving my beloved daughter, Celeste E. Reneau, his surviving widow, then in that case I give and bequeath unto my said daughter Celeste E. Reneau, an undivided one-half interest in fee simple in and to all of said property hereinbefore described and devised to my said daughter Mrs. Alice Dure, and being located at house numbers 1001 and 1003 Government Street, and at the corner of Government and Ann Streets in the City of Mobile, Alabama, and in the case of the death of James T. Reneau, as aforesaid I devise and bequeath to my beloved daughter Alice Dure, an undivided one-half interest in and to said property in fee simple which was hereinbefore devised to her for her life only, but in case James T. Reneau does not die before my beloved daughter Celeste E. Reneau, then I desire the property to go as devised in the original will heretofore without any change whatever."

In attempting to show a justiciable controversy complainant first shows respondent Hanly's contention to be that the codicil means "that the said Alice Dure was then being devised, and such words intended to devise to her, an undivided one-half interest in said real property in fee simple, whether the death of the said James T. Reneau should occur prior to or subsequent to the death of the testatrix, Virginia M. Cox; and as the said James T. Reneau did die during the year 1930, leaving the said Celeste E. Reneau as his surviving widow, the condition of the said codicil was met and

the said Alice Cox Dure, upon said death of the said James T. Reneau, became vested with an undivided one-half interest in and to said property in fee simple, which said half interest in turn became vested in the respondent Will Thomas Hanly, under the last will and testament of Alice Cox Hanly, formerly Alice Dure."

Complainants' contention is set out clearly in the bill as follows: "Your complainants on the contrary have claimed and insisted that a last will and testament speaks as of the date of the death of a testatrix, and, hence, the foregoing language in said codicil shows that said testatrix intended, and it should be construed and interpreted as meaning, that the said Alice Cox Dure was devised an undivided one-half interest in said real property in fee simple only in the event that said James T. Reneau died prior to the said testatrix, Virginia M. Cox, leaving the said Celeste E. Reneau as his surviving widow, and since this event never occurred, the said Alice Cox Dure was never vested with a greater estate than a life interest in said real property; and in turn the respondent, Will Thomas Hanly, became vested of no estate therein upon the death of said Alice Hanly, formerly Alice Cox Dure, and complainants further aver, contend and insist that upon the falling in of said remainder estate in said real property upon the death of the said Alice Hanly they became vested of the entire estate in fee simple in said real property, and are the owners thereof * * *."

■ The rule "that a last will and testament speaks as of the death of a testatrix" in the absence of a manifest contrary intent is well recognized in our cases, 19 Ala.Dig., Wills, ⊜524(2). But we think the clear, unambiguous terms of the will and codicil here were that the vesting of the estate was contingent upon whether or not Celeste Reneau survived her husband James Reneau. We quote various passages from the opinion of Clopton, J., in Phinizy v. Foster, 90 Ala. 262, 7 So. 836, 837, which has been followed many times since:

"It is also an acknowledged rule that the law inclines to regard estates as vested, rather than contingent. Best,

L. Ch. J., states as the established rule for the guidance of the court: 'That all estates are to be holden to be vested except estates in the devises of which a condition precedent to the vesting is so clearly expressed that the courts cannot treat them as vested without deciding in direct opposition to the terms of the will.' Duffield v. Duffield, 1 Dow. & C. 311. The rule is generally applied when the intention of the testator is obscure and doubtful. It has no application when the intention to create contingent legacies or devises is clear. In respect to each of the rules the intention of the testator, as shown by the words employed by him, must control. * * *

" * * * It is an established principle that estates are regarded as contingent when the event upon which they take effect may or may not happen. For instance, when a will gives a legacy to a certain person if he reaches a certain age, it is presumed that the testator meant he should not have it unless he reached that age. According to the express terms of this will, the children of Paul J. Watkins took nothing unless Edgar died without issue living. The condition precedent to the vesting of the estate is so apparent from the terms employed by the testator that it cannot be held to have conferred a present right of future enjoyment without subverting his manifest intention. The time when they can come into possession and enjoyment is not merely a qualifying clause of the time of division, but is attached to the subject of the gift,—is of its essence and substance. High['s Adm'r] v. Worley['s Adm'x], 32 Ala. 709; Marr v. McCullough, 6 Port. 507. From the nature of the event upon the happening of which the gift arises, the testator must be presumed to have made no gift unless it happened."

See Wright v. City of Tuscaloosa, 236 Ala. 374, 182 So. 72; George v. Widemire, 242 Ala. 579, 7 So.2d 269; Allen v. Maxwell, 249 Ala. 655, 32 So.2d 699.

We think it is clear that Virginia M. Cox intended by her will to devise a life interest to the property on Government Street to her daughter Alice with remainder to the children of Celeste, but that by the codicil she revoked this bequest based on the contingency that Celeste survive her husband James, and in that event her two daughters each should take an undivided one-half interest in fee simple in the property at the time of his death. The contingency occurred when James Reneau died in 1930 and from that moment forward each of the daughters, Alice and Celeste, had an undivided one-half interest which was alienable, devisable and descendable. Alice devised her interest to her husband Hanly, the appellee.

We recognize that "a demurrer is rarely appropriate in a declaratory judgment action" and the authorities cited in Curjel v. Ash, 261 Ala. 42, 72 So.2d 732, where, while acknowledging the general rule, it was held that the demurrer should have been sustained because the recitals in the bill were not sufficient to show an ambiguity in the devise. Here the will and the codicil were exhibits to and parts of, the bill. The codicil is not ambiguous. The attempt to make it ambiguous by alleging that the rule of construction that "it speaks as of the death of the testatrix" applies, is not sufficient to make a bona fide justiciable controversy because no rule of construction is necessary. In Baker v. Wright, 257 Ala. 697, 60 So.2d 825, 829, we quoted with approval the following from 57 Am.Jur. § 1135:

" 'Rules of construction have their legitimate function when they are needed to understand the purpose intended to be embodied in the language used in the will. They take hold only where uncertainty commences and let go where it ends, and cannot control or vary the intent or properly prevent its execution.' " It is well established by our cases that rules of construction are only an aid to interpretation when the intent of the testator is not clear; that rules of construction must give way to the language of the will when it has a clear meaning, and that no presumptions or rules of construc-

tion can serve to rewrite a will at variance with its clear and unambiguous terms, whatever extraneous facts may have led the testator to make the will he did make. Kimbrough v. Dickinson, 247 Ala. 324, 24 So.2d 424; Ide v. Harris, 261 Ala. 484, 75 So.2d 129, and Baker v. Hendricks, 240 Ala. 630, 200 So. 615. Thus, even on demurrer, we cannot hold that a justiciable controversy is presented by the attempt to rewrite a clear and unambiguous codicil by applying a rule of construction which can "take hold only where uncertainty commences." To say that we must reverse and remand this case in order that appellee might raise the same objections in his answer which have already been raised by demurrer and have the lower court decide the same point already decided by it, with the same result, would be a useless and, in our opinion, unjust decision.

It follows that on the face of the bill the complainants show no legal interest in the property in question and that the title has been vested for more than 20 years preceding the filing of the bill; therefore, there is not a sufficient showing of "an actual concrete controversy as to any particular matter justiciable in nature." Gilmer v. Gilmer, 245 Ala. 450, 17 So.2d 529, 531. The demurrer was properly sustained and the decree should be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MAYFIELD, JJ., concur.

LAWSON, STAKELY and GOODWYN, JJ., dissent.

LAWSON, STAKELY and GOODWYN, JJ., dissent on the ground that in their opinion the bill shows an actual existing bona fide controversy between adverse parties and, hence, irrespective of whether complainants were entitled to a declaration of rights in accordance with their theory, they were entitled to have a declaration made and entered after answer and on such evidence as they thought proper to introduce on submission for final decree. They insist in this court on that right and do not agree that the matter was one purely of law to be decided on demurrer. Waterworks and Sanitary Sewer Board v. Dean, 260 Ala. 221, 69 So.2d 704; Atkins v. Curtis, 259 Ala. 311, 66 So.2d 455; City of Bessemer v. Bessemer Theatres, 252 Ala. 117, 39 So.2d 658; Alabama State Milk Control Board v. Graham, 250 Ala. 49, 33 So.2d 11. The opinion of the court decides the issue against complainants and then says to them that they have not shown a justiciable controversy because the court does not agree with their theory. That is just another way of ignoring the holding of the cases cited above. Those cases, in our opinion, should be followed or expressly overruled.