SHORES, Justice.
Edmond D. Matthews died testate in 1976. He left the following will:
“STATE OF ALABAMA
“CONECUH COUNTY
“I, Edmond D. Mathews [sic], a resident of Conecuh County, Alabama, being of sound mind and disposing memory do hereby make, publish and declare this to be my Last Will and Testament, hereby revoking *257 any and all other last wills and codicils heretofore made by me at any time and disposing of all my worldly estate in the manner following:
“ITEM ONE
“I direct my Executrix, hereinafter named, to first pay all of my just debts and funeral expenses, and all taxes due by my estate.
“ITEM TWO
“I hereby give, devise and bequeath all of my personal property of which I die seised [sic] and possessed or to which I may be entitled at the time of my death, to my wife, Minnie B. Mathews [sic], to be her property absolutely.
“ITEM THREE
“I hereby give, devise and bequeath all of my real property of which I die seised [sic] and possessed, or to which I may be entitled at the time of my death, to my wife, Minnie B. Mathews [sic], for and during her natural life.
“ITEM FOUR
“I hereby give, devise and bequeath to my son, Dewitt C. Mathews [sic], of Birmingham, Alabama, all of the remainder interest in the following described real property of which I die seised [sic] and possessed or to which I may be entitled at the time of my death, as follows: Northeast Quarter of Northeast
“Quarter of Section 17, Township 4 North, Range 13 East, and Southeast Quarter of Northeast Quarter of Section 17, Township 4 North, Range 13 East, SAVE AND EXCEPT, the South 64 yards of said 40 acres;
“I hereby give devise and bequeath the remainder interest in the following described real property to my grandson, Scott Mathews [sic], of Conecuh County, Alabama, as follows:
“All of the South 64 yards of the Southeast Quarter of Northeast Quarter of Section 17, Township 4 North, Range 13 East, Northeast Quarter of Southeast Quarter of Section 17, Township 4 North, Range 13 East, and all of the Northwest Quarter of Southeast Quarter of Section 17, Township 4 North, Range 13 East, lying East of the Brooklyn and Evergreen Highway, and known as the old Ben Frazier home place. Two (2) acres, more or less, in the Northwest comer of the Southeast Quarter of Southeast Quarter of Section 17, Township 4 North, Range 13 East, and more particularly described as follows: Beginning at the Northwest corner of Southeast Quarter of Southeast Quarter of Section 17, Township 4 North, Range 13 East, and running South 27 yards to the Evergreen and Brooklyn Highway, thence in a Southerly direction along the East margin of said highway 125 yards, thence due North 167 yards to the fence, thence West to the point of beginning; being intended to describe and convey the 4 acres of land, more or less, conveyed to E. D. Mathews [sic] by Bessie Ralls and husband, Ed Ralls, as shown by warranty deed dated the 22nd day of December, 1939 and recorded in the office of the Judge of Probate of Conecuh County, Alabama, in Deed Record A-60 at page 135;
“both remainder interests to be owned in fee simple respectively by the beneficiaries named, after the death of my beloved wife, Minnie B. Mathews [sic].
“ITEM FIVE
“I hereby nominate, constitute and appoint my wife, Minnie B. Mathews [sic], to be the Executrix of this my Last Will and Testament, and I hereby exempt my said Executrix from making any bond in any Court for the faithful performance of her duties as my Executrix. I further exempt my said Executrix from the filing of any inventory or appraisement of my estate or making any report or final settlement to any officer, Court or tribunal for her actions as such Executrix.
“In the event my wife, Minnie B. Mathews [sic], does not survive me, then in such event, I hereby direct that my grandson, *258 Scott Mathews [sic], be the Executor of this my Last Will and Testament with all exemptions provided in this subdivision of my Will.
“IN WITNESS WHEREOF, I, Edmond D. Mathews [sic], have hereunto set my hand and seal to this, my Last Will and Testament, contained in these three (3) typewritten pages of paper on each of which I have also signed my name at Evergreen, in the State of Alabama, on this the 8th day of June, 1971.
“/s/ Edmond D. Matthews (SEAL)”
Edmond D. Matthews’ wife predeceased him. The will was duly probated and the estate was administered by Scott Matthews, as executor. After final settlement in the probate court, Scott Matthews filed an action to quiet title in himself to a certain tract of land owned by Edmond D. Matthews but not described in the will. Dewitt Matthews answered, claiming an undivided one-half interest in the land by descent from Edmond D. Matthews. He also sought a sale of the land for division.
After hearing, the trial court entered final judgment holding that the plaintiff and defendant were joint owners of the land and ordered a sale for division. The plaintiff appealed.
The facts giving rise to the controversy are as follows:
Edmond D. Matthews acquired a tract of land from Bessie and Ed Ralls in 1939. He then built a house; but in 1961, he discovered that the house was approximately fifty feet off of the property acquired by the 1939 deed. He had the property surveyed and a description prepared to describe the property on which the house was situated. After the survey was prepared, J. M. Ralls and wife, successors in interest to Bessie and Ed Ralls, executed a deed to Edmond D. Matthews conveying the lands as disclosed by the survey. This amounted to approximately 3 acres of land in addition to that described in the 1939 deed.
In 1971, Edmond D. Matthews executed the will set out above. After providing a life estate in his wife in all of his property, he left specifically described property to his son, Dewitt, and specifically described property to his grandson, Scott. The will made no reference to the approximately 3 acres acquired in the 1961 deed and upon which his house was situated.
Scott Matthews contends that this omission was unintentional; that the testator intended to leave his house to him by the will; and that a latent ambiguity is thus created permitting extraneous evidence to show the testator’s intent. Dewitt Matthews, on the other hand, takes the position that no ambiguity exists; the property devised to each beneficiary by the will is accurately described, and can be exactly located on the ground; therefore, this is not a proper case for the admission of extraneous testimony. It is his position that his father simply died intestate as to the 3 acres acquired by the 1961 deed, since it is not mentioned in the will which contains no residuary clause; and he and Scott each own an undivided one-half interest. The trial court so held and we affirm.
The will is not ambiguous. It contains no reference to “my home place,” or the use of any other expression showing an intent to devise his home followed by a description of land which does not include the home place. After 1961, the testator knew that the house was not located on the lands described in the 1939 deed. Yet, in 1971, when he executed his will, he described the lands acquired in 1939 in the devise to Scott. He simply made no disposition by will of the 3 acres acquired in 1961.
The case is controlled by Baker v. Hendricks, 240 Ala. 630, 631, 632, 200 So. 615, 617 (1941), where this court held:
“. . .A will making specific devises only, with no residuary clause, can not be rewritten so as to include property so omitted. ... No presumptions or rules of construction can serve to rewrite a will at variance with its clear and unambiguous terms, whatever extraneous fact may have led the testator to make the will he did make. The sanctity of wills, safeguarded by law, would be weakened, if not destroyed, by thus disre *259 garding the plain terms of the will. City Bank & Trust Co. v. McCaa et al., 213 Ala. 579, 105 So. 669; Meglemry et al. v. Meglemry, 222 Ala. 229, 131 So. 906; Spencer v. Title Guarantee Loan & Trust Co. et al., 222 Ala. 485, 132 So. 730; 69 C.J. § 1110, § 1148, Notes 98 and 99.”
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.