ALMON, Justice.
This case involves the construction to be placed on the last will and testament of Laura V. Sankey who died in May of 1977.
Her will was admitted to probate in the Probate Court of Montgomery County and the estate was subsequently removed to the Circuit Court. The First Alabama Bank of Montgomery, as executor and trustee, filed a petition requesting that the Circuit Court construe the will and enter a declaratory judgment determining who are the ultimate beneficiaries of a trust established in the will.
The testatrix left the following heirs at law and next of kin surviving her: Merle Carr, a niece; Beth Lockett, a niece; Has-kell Sankey, a nephew; and the following grandnieces and grandnephews: Kim Carr Dunn, Kay Carr Butts, Warren Carr, Lee Lockett, Jay Sankey, Jan Sankey, Paul San-key, and Peter Sankey. Each of the grandnieces and grandnephews was under the age of twenty-one at the time the will was executed. Each of the nieces and the nephew were over the age of forty at the time the will was executed.
Under Item III of the will she created a trust providing for certain payments to her brother, Leonard Sankey, since deceased, and his wife, Lottie Sankey, during their lives. The will also provided that:
C. Upon the death of Leonard Sankey and Lottie Sankey, the Trustee shall then divide the remaining principal of said Trust Estate in equal shares to such of my nephews and nieces as shall then be living. The Trustee shall retain control of the assets of said Trust during the minority of each nephew and niece and shall pay over to said nephew and niece their share upon them reaching age 21. The Trustee shall have the authority, however, to pay college educational expenses of any nephew or niece desiring such assistance prior to the age of 21 years.
IV. The Trust Estate herein created shall terminate upon the occurrence of the youngest nephew or niece living at the time of my death, reaching the age of 21 years.
The question presented to the trial court and to this Court is whether the nieces and nephew who are second generation Sankeys are the ultimate beneficiaries under the trust, or whether the grandnieces and grandnephews who compose the third generation are the ultimate beneficiaries.
The trial court, after taking evidence ore tenus, construed the will in favor of the grandnieces and grandnephews, reasoning that:
Although the foregoing described minor children were not literally the nieces and nephews of the Testatrix, it is clearly apparent to this Court that the provisions of her Will relating to the minority of the nephews and nieces refer to the minor children who were actually her grandnephews and grandnieces and at the very least such provisions create an ambiguity in the Will and parol evidence was admissible to show the intention of the Testatrix at the time she caused the Will to be prepared and at the time she executed the Will.
The Court must therefore ascertain the intention of the Testatrix. If the Testatrix had been referring to her actual nieces and nephews reaching the age of 21 years, payment of educational expenses of such nieces and nephews prior to the age of 21 years and the termination of the Trust upon the youngest nephew or niece reaching the age of 21 years, such provisions would be totally meaningless, null, void and oft¡no force and effect whatsoever since the actual nieces and nephews of the Testatrix were all over the age of 40 years when the Will was made and executed on December 13,1973. The Court finds that the intention of the Testatrix as expressed in the Will in connection with the existing circumstances known to the Testatrix at the time of the drafting and execution of her Will was for the beneficiaries of the Trust created *9 by her Will to be the minor children described above. In interpreting doubtful or ambiguous expressions in a Will, the Court may consider the condition of the Testatrix’s family and estate to ascertain her intention. Some cases have held that the term nephew may include grandnephews. It is also pertinent to consider the language- of the Will in its entirety in connection with existing circumstances known to the Testatrix at the time of the drafting of her Will and to also consider her relevant declarations at or about the time of execution of the Will. The attorney who prepared the Will in this case testified that the Testatrix described and referred to her grandnieces and grandnephews as her “nieces and nephews” and this was the group of minor children who she intended to be beneficiaries of her Trust. The intention of the Testatrix is always the pole-star in construction of Wills and the cardinal rule is to give effect to the intention of the Testatrix if not prohibited by law. Conflicting clauses in a Will must if possible be so reconciled as to make each operative, but if this is not possible, latter clauses must prevail.
Two nieces, Merle Carr and Beth Lockett bring the appeal.
Appellants contend the court erred in allowing parol testimony to be admitted when the plain language of the will made the nieces and nephew the principal beneficiaries. Their argument overlooks the law regarding latent ambiguity of instruments. In the recent case of Jacoway v. Brittain, 360 So.2d 306 (Ala.1978), this Court stated that:
The law says that where a latent ambiguity exists in a will, the court may resort to extrinsic evidence in ascertaining the intent of the testator. Perdue v. Roberts, 294 Ala. 194, 314 So.2d 280 (1975).
A latent ambiguity may arise in the identification of or application to the property or subject matter as described or bequeathed. See Wiley v. Murphree, 228 Ala. 64, 151 So. 869 (1933). See also, Achelis v. Musgrove, 212 Ala. 47, 101 So. 670 (1924).
A latent ambiguity is to be distinguished from a patent ambiguity. A patent ambiguity is not a true ambiguity; it is merely confusion created on the face of the will by the use of defective, obscure or insensible language. On the other hand, a latent ambiguity occurs where the language is clear and intelligible, but when considered in light of certain extraneous facts, it takes on a multiple meaning. . . .
This is a classic case of latent ambiguity, and of course it goes without saying that where such an ambiguity exists parol evidence is admissible to determine the intent of the testatrix.
In Cooper v. Birmingham Trust & Savings Co., 248 Ala. 549, 28 So.2d 720 (1947), the following rule was set forth:
The usual and ordinary meaning of child does not include grandchild. It does include a grandchild in two instances (1) when it is necessary to make the will operative, and (2) when it clearly appears that the testator intended to use the expression so as to include grandchildren. Benners v. First National Bank, 247 Ala. 74, 22 So.2d 435; Spencer v. Title Guarantee Loan & Trust Co., 222 Ala. 485, 132 So. 730 (a different case and a different instrument) 222 Ala. 221, 132 So. 32; Wilson v. Rand, 215 Ala. 159, 110 So. 3.
See Jesseph v. Leveridge, 205 Ark. 665, 170 S.W.2d 71 (1943); In re Horton’s Estate, 68 A.2d 658, 5 N.J.Super. 518 (1949); and Bank of New York v. Shillito, 14 N.Y.S.2d 458 (1939), for cases in other jurisdictions to the effect that the terms “nieces” and “nephews” include grandnieces and grandnephews where the intention of the testatrix is manifest.
The attorney who drafted the will testified that the testatrix referred to her nieces and nephew as “the children” and referred to her grandnieces and grandnephews as her “nieces” and “nephews.” Admittedly, there was testimony of other witnesses contrary to this, but conflicts in the *10 evidence are to be resolved by the trial judge. There was other testimony in the record from which the trial judge could have reasonably concluded that the testatrix intended to exclude her nieces and nephew. She had previously been engaged in litigation with Beth Lockett and her husband, Roy Lockett. Additionally, she had made loans to Roy Lockett and Haskell Sankey which had not been repaid.
We are of the opinion that the judgment appealed from is due to be and it is hereby affirmed.
AFFIRMED.
MADDOX, FAULKNER, JONES[1] and EMBRY, JJ., concur.