This case involves the construction to be placed on the last will and testament of Edward M. Brown, Jr., who died on 9 January 1963. His will established a residuary trust, of which both appellants and appellees are beneficiaries. At issue here is when, under the terms of Brown's will, that trust should terminate. The trustees on 28 October 1982, "in doubt" as to their "duties and responsibilities with respect to distributing the assets of the estate," petitioned the trial court for construction of the will.
On 17 February 1983, Edward M. Brown, III, and Bartow R. Brown, Sr., sons of the testator, submitted a motion for dismissal of the trustees' petition. A hearing was held in March of 1983, at which the trial court granted dismissal on the pleadings in favor of Brown's sons. Because, on motion for dismissal, the trial court considered matters outside the pleadings, the grant of that motion will, pursuant to Rule 12 (c), ARCP, be treated, by this court, as a grant of summary judgment.
Appellants, Louise Fraley and Margaret Law, protested the trial court's summary disposition of the case as premature, contending they had insufficient time to develop the evidence. On motion for reconsideration of that court's order, appellants submitted additional evidence by affidavit. The trial court denied that motion and Fraley and Law took this appeal.
Appellants contend the trial court erred by granting summary judgment in favor of appellees because Brown's will contains a latent ambiguity which that court failed to recognize. They contend the ambiguity is revealed by parol evidence submitted to the trial court and parol evidence which is yet to be developed.
Appellees, Brown's sons, contend the will is clear and unambiguous in its terms, and, for that reason, they say parol testimony *Page 1269 
should not be considered in determining the meaning of the will.
 I
First, we consider appellees' contention that parol testimony is inadmissible because the language of the will is unambiguous. In this stance, they are overlooking the law regarding latent ambiguity of instruments. In Carr v. Dunn,384 So.2d 7, 9 (Ala. 1980), this court reviewed that subject, quoting as follows from Jacoway v. Brittain, 360 So.2d 306
(Ala. 1978):
 "`The law says that where a latent ambiguity exists in a will, the court may resort to extrinsic evidence in ascertaining the intent of the testator. Perdue v. Roberts, 294 Ala. 194, 314 So.2d 280 (1975).
 "`A latent ambiguity may arise in the identification of or application to the property or subject matter as described or bequeathed. See Wiley v. Murphree, 228 Ala. 64, 151 So. 869 (1933). See also, Achelis v. Musgrove, 212 Ala. 47, 101 So. 670
(1924).
 "`A latent ambiguity is to be distinguished from a patent ambiguity. A patent ambiguity is not a true ambiguity; it is merely confusion created on the face of the will by the use of defective, obscure or insensible language. On the other hand, a latent ambiguity occurs where the language is clear and intelligible, but when considered in light of certain extraneous facts, it takes on a multiple meaning. . . .'"
As above stated, contrary to appellees' assertions, parol evidence may be introduced to reveal a latent ambiguity in a writing which appears, on its face, to be clear and unambiguous. Then, should the trial court determine, from an examination of the parol evidence, there is a latent ambiguity in the document, parol evidence is admissible to clear up that ambiguity.
 II
Second, we consider whether, based on the pleadings, depositions, and answers to interrogatories, together with the affidavits submitted in this case, the trial court appropriately granted summary judgment. This is a two-pronged issue. First, we must determine whether the trial court ruled correctly that, as a matter of law, Brown's will is unambiguous. Second, if a latent ambiguity is found to exist, whether issues of fact remain to be decided by that court regarding the intention of the testator concerning that ambiguity.
After a careful review of the record, we conclude the trial court erred by determining there is no latent ambiguity in Brown's will, and further, that a triable issue is raised by appellants concerning the ambiguity.
The portion of the will with which appellants are concerned is Item VI. Under Item V, Brown created a residuary trust and provided for its termination twenty years from the date of his death, "[e]xcept as provided in ITEM SIX." Item VI of the will provides as follows:
 "If at the time provided for the termination of the Residuary Trust there is in existence a producing oil well on any property in which the Residuary Trust owns any oil, gas, and/or mineral rights, then there shall be the final distribution of all the assets of the Residuary Trust as provided in ITEM FIVE, except that all oil, gas, and/or mineral interests necessary, in the sole and absolute discretion of the Trustees, for the exercise of such oil, gas, and/or mineral rights, shall not be so distributed but shall remain in the Residuary Trust and continue to be held by my Trustees with all of the powers and authority conferred upon them for the conduct and management of the residuary Trust theretofore. . . ." (Emphasis added.)
Appellants contend the term "owns," as used in Item VI, is ambiguous when considered in light of parol evidence. The ambiguity concerns whether Brown intended that the trust terminate twenty years after the date of his death if there was oil-production on lands owned by a corporation solely owned by the trust. *Page 1270 
The record reveals evidence was presented to the trial court as to the following alleged facts: During his lifetime, Brown owned substantial interests in real property, including oil, gas, and mineral rights. In December of 1957, he conveyed virtually all such interests to various corporations; among them, a Mississippi corporation, Glenpool, Inc. All of the capital stock of that corporation was held by Brown. A one sixty-fourth (1/64) overriding royalty interest in 163 mineral acres in Caddo Parish, Louisiana, was excluded from corporate ownership. Both the stock of Glenpool, Inc. and the Caddo Parish properties are now held by the residuary trust established by Brown's will.
While there was no oil production on the Glenpool properties at the time of Brown's death, Brown was aware, when he executed his will, of great potential for oil production on those lands. Those properties are now oil-producing and provide a substantial income to the residuary trust.
The Caddo Parish lands are also oil-producing, but the income form those lands is insufficient to fund the trust's bequests. Appellants contend it was never anticipated by Brown that those properties would fund the residuary trust.
The attorney who drafted Brown's will was unaware at the time he drafted the instrument that Brown had transferred virtually all his mineral interests to corporations he wholly owned.
Brown is alleged to have represented to Louise Fraley, at about the time of the execution of the will, that "so long as his property earned money" she would be "taken care of."
We find the parol evidence presented by appellants reveals a classic latent ambiguity. The language of Brown's will appears to be clear and intelligible. However, when considered in light of parol evidence, it takes on multiple meanings. From that evidence, we conclude it is conceivable that, when Brown provided, in his will, that the residuary trust established thereby should continue past twenty years after the date of his death if it "owns" oil-producing properties, he used the word "owns" in a broad sense to refer to lands held by a corporation solely owned by the trust.
Because there is an ambiguity in Brown's will, and because material issues of fact remain about the testator's intention regarding that ambiguity, the trial court's grant of summary judgment in favor of appellees is due to be reversed.
For the reasons set out, the judgment of the trial court is reversed, and this cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
FAULKNER, ALMON and ADAMS, JJ., concur.
TORBERT, C.J., concurs in the result.